**Jeros Feroz BHOJA, Petitioner,**

**v.**

**John ASHCROFT, Attorney General of the United States, Respondent.**

**No. 03–1067.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Thursday, Feb. 12, 2004.

Decided March 5, 2004.

Salim Sheikh, New York, NY, for Petitioner.

Douglas E. Ginsburg, Terri J. Scadron, Daniel D. McClain, Lyle D. Jentzer, Washington, DC, for Respondent.

Before SCIRICA, Chief Judge, ROTH and McKEE, Circuit Judges.

OPINION

McKEE, Circuit Judge.

Jeros Feroz Bhoja seeks review of a final order of removal issued by the Board of Immigration Appeals ("BIA"), and in the alternative seeks review of the BIA's denial of his motion to reopen and reconsider his claim of asylum based on changed country conditions and new evidence. For the reasons that follow, we will dismiss the petition for review.[1]

**I.**

Because we write only for the parties, it is not necessary to recite the facts of this case in detail. It is sufficient to note that

---

1. This Court's jurisdiction arises under INA § 242(a), 8 U.S.C. 1252(a), which provides the exclusive procedure for judicial review of all final removal orders.

Bhoja, a native of India, appeared before an Immigration Judge ("IJ") and conceded that he was subject to removal, but applied for asylum and withholding of removal. Bhoja claimed he was persecuted in India because he was a Parsi; and followed the Zoroastrian religion. Bhoja claimed that fundamentalist Hindus physically threatened both him and his family due to their different religion.

The IJ determined that Bhoja's testimony was not credible due to inconsistencies, and that Bhoja failed to produce any reliable evidence to support his claim of persecution. Although the IJ denied Bhoja's requests for asylum and withholding of removal, he granted Bhoja's request for voluntary departure, and Bhoja timely appealed to the BIA.

The BIA affirmed the IJ without issuing an opinion, and allowed Bhoja to voluntarily depart the United States within thirty days. Bhoja did *not* file a timely petition for review of that order, and remained in the United States beyond the thirty-day voluntary departure period.

On October 24, 2002, Bhoja filed a motion to reopen and reconsider with the BIA. In an order issued December 13, 2002, the BIA denied the motion to reconsider because it was untimely, and denied the motion the reopen because Bhoja did not identify new grounds to warrant a reopening. This petition for review followed.

## II.

Bhoja claims the BIA erred in denying his request for asylum and withholding of removal, and for denying his motion to reopen. Each claimed error will be addressed separately.[2]

## A. Asylum and Withholding of Removal

INA § 208 gives the Attorney General discretion to grant asylum to a deportable alien. 8 U.S.C. § 1158(a). However, that discretion can only be exercised if the applicant qualifies as a "refugee." *Id.* The term "refugee" is defined by statute as:

> [A]ny person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside of any country in which such person last habitually resided, and who is unable or unwilling to avail himself or herself of the protection of that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

8 U.S.C. § 1101(a)(42)(A). The asylum applicant must present some evidence that the alleged persecutors want to punish him/her "on account of" one of the five statutory grounds in order to establish eligibility for asylum. *INS v. Elias–Zacarias*, 502 U.S. 478, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). The "well-founded fear of persecution" standard involves both a subjectively genuine fear of persecution and an objectively reasonable possibility of persecution. *INS v. Cardoza–Fonseca*, 480 U.S. 421, 430–31, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987).

Withholding of deportation is closely related to asylum. However, unlike the discretion granted in the asylum provision,

---

2. We must sustain the BIA's determination if there is substantial evidence in the record to support it. *Abdille v. Ashcroft*, 242 F.3d 477, 483 (3d Cir.2001). Under this deferential standard, the BIA's finding must be upheld unless the evidence not only supports a contrary conclusion, but compels it. *Id.* Because the BIA affirmed the IJ's ruling without an opinion, we review the decision of the IJ as if it were the decision of the BIA. *Abdulai v. Ashcroft*, 239 F.3d 542, 549 n. 2 (3d Cir. 2001).

the withholding provision states that the "Attorney General *shall not* deport or return an alien ... to a country if the Attorney General determines that such alien's life or freedom would be threatened in such country on account of race, religion, nationality, membership in a particular social group, or political opinion." INA § 243(h); 8 U.S.C. § 1253(h) (emphasis added). To succeed on an application for withholding of deportation, the alien must establish by a "clear probability" that his/ her life or freedom would be threatened in the proposed country of deportation. *Janusiak v. INS*, 947 F.2d 46, 47 (3d Cir. 1991). "Clear probability" means that it is "more likely than not" that an alien would be subject to persecution. *INS v. Stevic*, 467 U.S. 407, 429–30, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1987).

The "clear probability" standard for withholding of deportation is a more rigorous standard than the "well-founded fear" standard for asylum. *Janusiak*, 947 F.2d at 47. Thus, if an alien fails to establish the well-founded fear of persecution required for a grant of asylum, he or she will, by definition, have failed to establish the clear probability of persecution required for withholding of deportation. *Id.*

In this case, in support of his claim of a well-founded fear of persecution, Bhoja testified that he was the victim of two religiously motivated attacks, where Hindu fundamentalists intent on ridding India of non-Hindus physically threatened and beat him. Bhoja also testified that the Hindu fundamentalists killed his parents by intentionally setting fire to their house because they were non-Hindus. Bhoja testified that based on the above events, he has a subjective fear of persecution based on his religious beliefs if he returned to India. However, the IJ found that Bhoja's testimony was not credible and emphasized that Bhoja offered no other evidence, such

as a police report, to support his subjective fear of persecution. The IJ further concluded that Bhoja had unwittingly revealed the true reason he left India: the temple where he was employed was closing and thus Bhoja would lose his job. The IJ consequently denied Bhoja's request for asylum and withholding of removal, but granted his request for voluntary departure.

■ Because Bhoja did not file a timely petition for review within 30 days of that order, as mandated by 8 U.S.C. § 1252(b)(1), we do not have jurisdiction to review the BIA's July 26, 2002 order affirming the IJ. This 30 day time period is "jurisdictional in nature and must be construed with strict fidelity to its terms." *Stone v. INS*, 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995). Moreover, even if we did have jurisdiction, there is substantial evidence in the record to support the IJ's determination. The IJ properly evaluated the credibility of Bhoja's testimony, and Bhoja offered no other evidence to support his assertions of physical attacks or that Hindu fundamentalists set fire to his parents' home.

### B. Motion to Reopen

■ Bhoja did file a timely petition for review of the BIA's December 13, 2002 denial of his motion to reopen and reconsider. This Court reviews a BIA decision denying a motion to reopen and reconsider only for abuse of discretion. *INS v. Doherty*, 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992). In other words, we will not overturn the BIA decision unless it was "arbitrary, irrational, or contrary to law." *Sevoian v. Ashcroft*, 290 F.3d 166, 174 (3d Cir.2002).

Since Bhoja's motion to reconsider was untimely, the BIA did not abuse its discretion in denying that motion. By regulation, a motion to reconsider a decision

must be filed with the BIA within 30 days after the mailing of a Board decision. 8 C.F.R. § 1003.2. The BIA issued its decision on July 26, 2002, affirming the IJ. Bhoja did not file his motion to reconsider until October 24, 2002. Thus, the BIA acted properly in denying the motion.

The BIA's denial of Bhoja's motion to reopen was similarly reasonable. Motions to reopen "shall not be granted unless it appears to the BIA that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(2). Thus, Bhoja was required to submit new evidence showing a change of circumstances in India that would justify reopening his case.

Bhoja identified the following eleven factors in support of his motion to reopen:

1) He fears persecution and torture if he is returned to India;
2) Parsis are in the distinct minority in India;
3) India has a caste system;
4) Hindus are "inimical" towards minorities;
5) The BJP party is ruling the country, and making life miserable minorities;
6) He says there is an increase in burnings of religious places and killing of religious leaders
7) Extremist Hindus are forcibly converting some religious minorities to Hinduim
8) Lower caste women are "being used for the sexual gratification" of the "higher caste of Hindus;"
9) He has no immediate family in India, but has an aunt in New York;
10) His aunt and uncle were granted asylum;
11) A psychiatric evaluation, which purports to corroborate his "traumatic conditions."

The BIA denied the motion to reopen because the "new grounds" were not really "new grounds" at all, but rather an attempt to reiterate arguments already made and considered in his original appeal from the IJ decision denying his request for asylum. To the extent the "new evidence" is not simply repetitive of the evidence already submitted to the IJ or the BIA, it was immaterial to his claim of changed country conditions warranting reopening of the asylum petition.

Thus, Bhoja did not satisfy his heavy burden of showing that the BIA abused its discretion or arbitrarily denied his motion to reopen. It is apparent that each of the grounds was either already argued before the IJ and BIA, could have been presented at the original hearing, or was immaterial to Bhoja's particular case.

## III.

For all of the above reasons, the petition for review is denied.