NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0107n.06
Filed: February 8, 2007

No. 05-4162

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| BEQAR MUSAJ AND LINDITA MUSAJ, | ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | ON PETITION FOR REVIEW OF AN |
| | ) | ORDER OF THE BOARD OF |
| ALBERTO R. GONZALES, | ) | IMMIGRATION APPEALS |
| | ) | |
| Respondent. | ) | |
| | ) | |

Before: KEITH and CLAY, Circuit Judges; and MAYS, District Judge.[*]

**SAMUEL H. MAYS, JR., District Judge.** Petitioners Bequar Musaj and Lindita Musaj, both natives and citizens of Albania, seek review of three decisions of the Board of Immigration Appeals ("BIA" or "Board"): (1) the January 8, 2003 affirmance of the Immigration Judge's ("IJ") decision denying Petitioners' claims for asylum and withholding of removal; (2) the June 6, 2005 decision denying Petitioners' motion to reopen; and (3) the September 6, 2005 decision denying Petitioners' motion to reconsider the motion to reopen. This court has jurisdiction only over the September 6, 2005 decision. For the following reasons, the petition for review is **DENIED**.

I.

Mr. Musaj applied for asylum on the basis of political persecution, claiming that he was

_____

[*]The Honorable Samuel H. Mays, Jr., United States District Judge for the Western District of Tennessee, sitting by designation.

persecuted because of his membership in an opposition party known as the Bali Kombatir and in the Independent Trade Union of Teachers. Mrs. Musaj sought asylum as a derivative to her husband's application.

The IJ denied Petitioners' request for asylum under section 208 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1158, withholding of removal under section 241(b)(3) of the INA, 8 U.S.C. § 1231(b)(3), and withholding of removal under the United Nations Convention Against Torture ("CAT"), 8 C.F.R. § 1208.16, on November 14, 2000. The BIA affirmed without opinion on January 8, 2003. Petitioners did not file a petition for review of the Board's affirmance.

On April 4, 2005, Petitioners filed a motion to reopen their removal proceedings, alleging that their former attorney had not informed them of the BIA's decision. On June 6, 2005, the BIA denied the motion to reopen as untimely, noting that the motion was due on April 8, 2003, and was filed April 4, 2005. The Board also found that Petitioners had known of the Board's decision since June 2003 and had failed to exercise due diligence in waiting almost two years to file their motion to reopen. Petitioners did not file a petition for review of the Board's denial of their motion to reopen.

On July 18, 2005, Petitioners filed a motion requesting that the BIA reconsider its June 6, 2005 decision denying their motion to reopen. Petitioners agreed that their motion to reopen had been untimely. However, they contested the Board's conclusion that they had learned of the Board's decision in June 2003 and argued that the BIA should equitably toll the period for Petitioners to file their motion to reopen.

On September 6, 2005, the BIA denied Petitioners' motion to reconsider as untimely, noting that the motion was due on July 6, 2005, and was filed July 18, 2005. On September 19, 2005,

Petitioners filed in this court a timely petition for review of the BIA's denial of their motion to reconsider.

## II.

This court reviews a denial of a motion to reconsider for abuse of discretion. *Denko v. INS*, 351 F.3d 717, 723 (6th Cir. 2003) (citing *INS v. Doherty*, 502 U.S. 314, 324 (1992)). An abuse of discretion is shown if the BIA's decision "was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." *Sako v. Gonzales*, 434 F.3d 857, 863 (6th Cir. 2006) (quotation omitted).

This court does not have jurisdiction to consider Petitioners' objections to the Board's January 8, 2003 and June 6, 2005 decisions because Petitioners have not filed timely petitions for review of those decisions. The BIA's January 2003 affirmance and June 2005 denial of Petitioners' motion to reopen were final appealable removal orders. *Stone v. INS*, 514 U.S. 386, 395 (1995). A motion to reopen or reconsider a final removal order does not stay the order, 8 C.F.R. § 1003.2(f), and does not toll the time in which to seek judicial review of the order, *Stone*, 514 U.S. at 395. The statute providing for judicial review of final orders of removal states that "[t]he petition for review must be filed not later than 30 days after the date of the final order of removal." 8 U.S.C. § 1252(b)(1). The statutory time limit is "both mandatory and jurisdictional." *Prekaj v. INS*, 384 F.3d 265, 267 (6th Cir. 2004) (quoting *Martinez-Serrano v. INS*, 94 F.3d 1256, 1258 (9th Cir. 1996)). To be properly before the court, the petition for review of the BIA's January 8, 2003 affirmance must have been filed by February 7, 2003, and the petition for review of the BIA's June 6, 2005 denial of Petitioners' motion to reopen must have been filed by July 6, 2005. Petitioners did not file petitions for review of those decisions before the applicable deadlines. Therefore, this court does not have

-3-

jurisdiction to review those decisions.

The BIA denied Petitioners' motion to reopen their removal proceedings on June 6, 2005. On July 18, 2005, Petitioners filed a motion requesting that the BIA reconsider its June 6, 2005 decision. The BIA denied Petitioners' motion to reconsider as untimely on September 6, 2005, and Petitioners timely petitioned this court for review of the BIA's decision.

An alien may file one motion to reconsider a decision that the alien is removable from the United States. 8 U.S.C. § 1229a(c)(6)(A); 8 C.F.R. § 1003.2(b)(2). The motion must be filed within 30 days of the date of entry of the final order of removal. 8 U.S.C. § 1229a(c)(6)(B); 8 C.F.R. § 1003.2(b)(2). The motion shall specify the errors of law or fact in the previous order and shall be supported by pertinent authority. 8 U.S.C. § 1229a(c)(6)(C); 8 C.F.R. § 1003.2(b)(1).

For Petitioners' motion to reconsider the BIA's June 6, 2005 decision to be timely under 8 U.S.C. § 1229a(c)(6)(B) and 8 C.F.R. § 1003.2(b)(2), the motion to reconsider must have been filed by July 6, 2005. The motion to reconsider was not filed until July 18, 2006. Therefore, the motion to reconsider was untimely.

Petitioners argue that the BIA abused its discretion by not equitably tolling the period for Petitioners to file their motion to reconsider. However, Petitioners give no explanation for the untimeliness of their motion to reconsider. Instead, they explain why the time to file their motion to reopen should have been equitably tolled, and why, therefore, the Board's June 2005 denial of their motion to reopen was incorrect. This argument is relevant only to the BIA's denial of Petitioners' untimely motion to reopen, which the court does not have jurisdiction to review. Because Petitioners have not provided any reason for the untimely filing of their motion to reconsider, they have not shown that the time to file that motion should have been equitably tolled.

-4-

The Board's decision to deny Petitioners' motion to reconsider as untimely is not an abuse of discretion because it "adheres to the long-established policy of enforcing statutory and regulatory deadlines." *Prekaj* 384 F.3d at 268. In *Prekaj*, this court held that the BIA did not abuse its discretion when it denied a motion to reopen that was filed almost three months after the applicable 90-day deadline. *Id.* (citing *INS v. Abudu*, 485 U.S. 94, 111 (1988); *Flores-Lima v. Ashcroft*, 97 F. App'x 786, 787 (9th Cir. 2004) (unpublished opinion)); *see also Tapia-Martinez v. Gonzales*, 142 F. App'x 882, 884-85 (6th Cir. 2005) (unpublished opinion) (holding the BIA did not abuse its discretion in denying petitioner's motion to reopen or, in the alternative, to reconsider, because, among other reasons, the petitioner's motion to reconsider was untimely). Therefore, the BIA did not abuse its discretion in denying Petitioners' motion to reconsider.

III.

For the foregoing reasons, the petition for review is **DENIED**.