

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-18-2007

# Bhoja v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5401

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Bhoja v. Atty Gen USA" (2007). *2007 Decisions.* Paper 743.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/743

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 05-5401

———————

JEROS FEROZ BHOJA,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                              Respondent

———————

PETITION FOR REVIEW OF A DECISION OF
THE BOARD OF IMMIGRATION APPEALS
Agency No. A73-186-291
Immigration Judge: Paul W. Schmidt

———————

Submitted Under Third Circuit LAR 34.1(a)
June 26, 2007

———————

Before: BARRY, FUENTES, and JORDAN, <u>Circuit Judges</u>

(Opinion Filed:   July 18, 2007)

———————

OPINION

———————

BARRY, <u>Circuit Judge</u>

        Petitioner, Jeros Feroz Bhoja, a native and citizen of India, petitions for review of

an order of the Board of Immigration Appeals ("BIA") denying his motion to reopen his

removal proceedings. Because we lack jurisdiction, we will dismiss the petition.

## I.

Bhoja entered the United States in 1994. In July 2002, the BIA affirmed the Immigration Judge's ruling that Bhoja was not entitled to asylum or withholding of removal. Following this ruling, Bhoja moved to reopen and for reconsideration. In December 2002, the BIA denied that motion. We denied his petition for review on March 5, 2004. See Bhoja v. Ashcroft, 89 Fed. Appx. 348 (3d Cir. 2004).

In September 2005, Bhoja filed a second motion to reopen with the BIA. Bhoja claimed that he was entitled to adjustment of status pursuant to section 245(i) of the Immigration and Nationality Act, 8 U.S.C. § 1255(i), because of an approved Petition I-140 filed by his employer. Bhoja requested that the BIA reopen his case sua sponte pursuant to the authority granted by 8 C.F.R. § 1003.2(a).

By order dated November 15, 2005, the BIA denied Bhoja's motion. The BIA noted that the motion was numerically barred and ruled that, given its "limited discretionary powers" to reopen proceedings sua sponte, it would not exercise its discretion to reopen Bhoja's case. (J.A. 2.)

## II.

Bhoja argues that the BIA abused its discretion in refusing to exercise its sua sponte power to reopen his case. According to Bhoja, because he would be entitled to relief, his case presents the "exceptional situation" in which the BIA may exercise its sua sponte powers. See In re J-J-, 21 I. & N. Dec. 976 (BIA 1997); see also 8 C.F.R. §

2

1003.2(a).

As we have previously explained regarding the regulation at issue here, however, "[b]ecause the BIA retains unfettered discretion to decline to sua sponte reopen or reconsider a deportation proceeding, this court is without jurisdiction to review a decision declining to exercise such discretion to reopen or reconsider the case." Calle-Vujiles v. Ashcroft, 320 F.3d 472, 475 (3d Cir. 2003); see also Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir. 2006). As such, we are without jurisdiction to consider Bhoja's petition.

**III.**

For the foregoing reasons, we will dismiss Bhoja's petition for lack of appellate jurisdiction.