MIN SHENG CHEN, Petitioner,

v.

UNITED STATES ATTORNEY
GENERAL, Respondent.

No. 06–5672–ag.

United States Court of Appeals,
Second Circuit.

Aug. 8, 2007.

Liu Yu, New York, NY, for Petitioner.

Chuck Rosenberg, United States Attorney; Kathleen Blomquist, Special Assistant United States Attorney, Alexandria, VA, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. JOSÉ A. CABRANES, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Min Sheng Chen, a native and citizen of the People's Republic of China, seeks review of a November 21, 2006 order of the BIA denying his motion to reopen removal proceedings. *In re Min Sheng Chen*, No. A72 380 055 (B.I.A. Nov. 21, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for an abuse of discretion. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* The BIA may properly deny a motion to reopen when the movant fails to present material, previously unavailable evidence, or fails to establish prima facie eligibility for the relief sought. 8 C.F.R. § 1003.2(c)(1); *INS v. Abudu*, 485 U.S. 94,

104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

Here, Chen does not argue in his brief that the BIA erred in denying the motion to reopen that is before us. Instead, Chen argues the merits of the agency's denial of his underlying claims for relief and the merits of a previous motion to reopen, neither of which is before us. *See Stone v. INS,* 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995) (each petition for review is treated as challenging only the BIA decision from which it was timely filed). As he presents no additional arguments, Chen has waived any challenge to the BIA's November 2006 decision, the only decision that is properly the subject of his petition for review.

Accordingly, we deny the petition for review, noting that even if we had reviewed the BIA's denial of Chen's motion to reopen, we would find no abuse of discretion.

For the foregoing reasons, the petition for review is DENIED.