**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0821n.06
Filed: December 3, 2007

**No. 06-4539**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| LON RASI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ON PETITION FOR REVIEW OF A |
| | ) | DECISION OF THE BOARD OF |
| MICHAEL B. MUKASEY, Attorney General | ) | IMMIGRATION APPEALS |
| of the United States, | ) | |
| | ) | |
| Respondent. | ) | |

Before: CLAY, SUTTON, and McKEAGUE, Circuit Judges.

PER CURIAM. Lon Rasi seeks review of an order of the Board of Immigration Appeals (BIA) denying his motion to reopen. Because we agree with the BIA that the motion was untimely and because we lack jurisdiction to review the BIA's decision not to exercise its *sua sponte* discretion to reopen removal proceedings, we deny the petition.

I.

A native and citizen of the former Yugoslavia, Rasi claims that he entered the United States in 1999, at age 22, with fraudulent documentation. In April 2001, Rasi applied for asylum, and in July of that year the INS served him with a Notice to Appear, alleging that he was removable because he did not possess valid entry documents when he entered the United States. *See* 8 U.S.C.

§ 1227(a)(1)(A). Rasi conceded removability and renewed his applications for asylum, withholding of removal and protection under the Convention Against Torture. The Immigration Judge (IJ) denied Rasi's applications and ordered him removed and the BIA affirmed. A panel of this court held that it was without jurisdiction to review the asylum and Convention Against Torture appeals and upheld the denial of the application for withholding of removal. *Rasi v. Gonzales*, 179 F. App'x 284, 287, 290 (6th Cir. May 1, 2006).

On August 21, 2006—over one year and five months after the BIA's decision of March 2, 2005—Rasi filed a motion with the BIA to reopen his removal proceedings. He claimed that the usual requirement that a "motion to reopen shall be filed within 90 days of the date of entry of a final administrative order of removal," 8 U.S.C. § 1229a(c)(7)(C)(i), did not apply "because there has been a fundamental change in circumstances in this case," Motion to Reopen at 3. The change in circumstances, he noted, arose from three related events: (1) his 2004 marriage to Arta Gjergjaj in Michigan; (2) the immigration authorities' decision to grant Gjergjaj's asylum application in June 2006; and (3) Gjergjaj's immediate filing of an I-730 Refugee/Asylee Relative Petition on Rasi's behalf. *See* 8 U.S.C. § 1158(b)(3)(A) (allowing a spouse of an alien who is granted asylum status to obtain derivative asylee status under certain circumstances); 8 C.F.R. § 1208.21(c) (requiring the filing of an I-730 to obtain derivative status).

In his motion to reopen, Rasi also invited the BIA to "exercise its *sua sponte* authority to reopen . . . because of the exceptional circumstances" of his case. Motion to Reopen at 3. Although

the BIA granted a temporary stay of removal, it ultimately denied Rasi's motion to reopen because it was untimely, and it chose not to exercise its *sua sponte* authority to reopen the proceedings.

Rasi petitioned this court for review of the BIA's order denying his motion to reopen. While the appeal was pending, a panel of this court denied Rasi's motion for a stay of removal, *see Rasi v. Gonzales*, No. 06-4539 (Feb. 15, 2007), and on February 28, 2007, the government removed Rasi to Kosovo.

II.

A motion to reopen generally must "be filed within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(i); *see also* 8 C.F.R. § 1003.2(c)(2). When the motion is based on an application for asylum, however, "[t]here is no time limit" if the alien alleges "changed country conditions arising in the country of nationality or the country to which removal has been ordered." 8 U.S.C. § 1229a(c)(7)(c)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). We review the BIA's denial of a motion to reopen for abuse of discretion. *Haddad v. Gonzales*, 437 F.3d 515, 517 (6th Cir. 2006); *cf.* 8 C.F.R. § 1003.2(a).

In arguing that the BIA should have granted his motion to reopen, Rasi focuses on the fact that his wife's I-730 application may entitle him to derivative asylum. But that development does not cure the untimeliness of Rasi's motion. His filing date of August 21, 2006, was well more than 90 days after the BIA's final order of removal on March 2, 2005. *See* 8 U.S.C. § 1229a(c)(7)(C)(i). That Rasi filed the motion less than 90 days after his wife filed the I-730 does not change matters,

because the statute measures the 90 days from "the date of entry of a final administrative order of removal." *Id.* Nor may Rasi invoke the exception for "changed country conditions," *id.* § 1229a(c)(7)(C)(ii), because he alleges "a purely personal change in circumstances that does not constitute changed conditions or circumstances in [a country]," *Haddad*, 437 F.3d at 517 (holding that an alien's divorce does not qualify as changed country conditions). "Without a showing of changed country conditions, [Rasi is] subject to the ninety-day deadline for filing a motion to reopen." *Id.* at 518.

Despite the untimeliness of Rasi's motion, the BIA retained discretion to reopen the removal proceedings *sua sponte*. 8 C.F.R. § 1003.2(a). Yet the BIA chose not to exercise that discretion—concluding that the kinds of exceptional circumstances needed to grant such relief did not exist here. *See* JA 6. Regrettably for Rasi, we lack jurisdiction to review the BIA's discretionary decision not to exercise this authority. *See Harchenko v. INS*, 379 F.3d 405, 410–11 (6th Cir. 2004); *accord Zhang v. Gonzales*, 469 F.3d 51, 53 (1st Cir. 2006); *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006); *Calle-Vujiles v. Ashcroft*, 320 F.3d 472, 474–75 (3d Cir. 2003); *Doh v. Gonzales*, 193 F. App'x 245, 246 (4th Cir. Aug. 3, 2006); *Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 249–50 (5th Cir. 2004); *Pilch v. Ashcroft*, 353 F.3d 585, 586 (7th Cir. 2003); *Ekimian v. INS*, 303 F.3d 1153, 1157–59 (9th Cir. 2002); *Belay-Gebru v. INS*, 327 F.3d 998, 1000–01 (10th Cir. 2003). *But see Tamenut v. Gonzales*, 477 F.3d 580, 582 (8th Cir. 2007) ("leav[ing] resolution of the jurisdictional issue to the court en banc at the appropriate time" and following circuit precedent that applies abuse-of-discretion review).

No. 06-4539
*Rasi v. Mukasey*

Seeking to sidestep this jurisdictional bar, Rasi says that "[t]he BIA unnecessarily restricted its analysis to whether it should exercise its *sua sponte* authority to reopen." Br. at 9. He claims that he also "asserted a legal basis" for ignoring the 90-day filing deadline, "namely, the fundamental change in circumstances brought about by his newfound entitlement to derivative asylee status and the concomitant bar on his removal." Br. at 9. But, as we have shown, a "fundamental change in circumstances" may excuse an untimely motion to reopen only if the change involves "changed *country* conditions." 8 U.S.C. § 1229a(c)(7)(C)(ii) (emphasis added).

III.

For these reasons, we deny the petition for review.