NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0112n.06
Filed: February 21, 2008

Nos. 04-4329, 05-3513

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| ALTIN TODI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW FROM A |
| v. | ) | FINAL ORDER OF THE BOARD OF |
| | ) | IMMIGRATION APPEALS |
| MICHAEL B. MUKASEY, Attorney General, | ) | |
| | ) | |
| Respondent. | ) | |

Before: SILER, CLAY, and COOK, Circuit Judges.

COOK, Circuit Judge. In this consolidated action, Albanian citizen Altin Todi petitions for review of the Board of Immigration Appeals' ("BIA") denials of his second and third motions to reopen removal proceedings as procedurally barred. Because the BIA did not abuse its discretion, we deny the petitions.

I

Petitioner Altin Todi, a native and citizen of Albania, entered the United States illegally in 1999. The Immigration and Naturalization Service ("INS") commenced removal proceedings, charging Todi removable as an alien who entered the country without proper documentation. Meanwhile, Todi married lawful permanent resident Enkelejda Keci, and she filed a Form I-130 visa

petition on his behalf—the first step toward Todi's obtaining residency based on marriage to a lawful permanent resident. *See* 8 U.S.C. § 1154(a)(1)(B)(i).[1] Appearing before the Immigration Judge ("IJ") in removal proceedings, Todi conceded removability but sought two forms of discretionary relief: asylum and withholding of removal grounded on political persecution. The IJ found Todi not credible, denied relief, and ordered him removed to Albania. Todi then appealed to the BIA.

In the interim, Keci became a United States citizen, which in turn prompted Todi to file a Form I-485 (though the underlying Form I-130 was still pending). *See supra* n.1. After the BIA summarily affirmed the IJ's removal order a few months later, Todi pursued parallel paths for relief: he petitioned for review of the removal order and, as now concerns this court, filed three motions to reopen his proceedings to enable him to adjust his status.

*Todi's First Motion to Reopen.* Two days after Todi petitioned for review of the removal order, he filed his first motion to reopen directly with the BIA. JA 53 (Motion to Reopen, Nov. 21, 2002). The BIA denied that motion on May 30, 2003, reasoning that because the Department of

---

[1]The procedure an alien follows when seeking to immigrate as the spouse of a lawful permanent resident differs slightly from that used when an alien seeks residence based on marriage to a citizen. For the former, immigrant visas are subject to a numerical cap. *See* 8 U.S.C. §§ 1151(a)(1), 1153(a)(2)(A). Thus, the DHS's approving the I-130 petition merely places the alien on a waiting list according to his or her priority date and preference category. *See United States v. Atandi*, 376 F.3d 1186, 1191 (10th Cir. 2004). When the priority date becomes current and an immigrant visa is immediately available, the alien may file a Form I-485 application to adjust status. 8 C.F.R. § 245.1(g)(1). In contrast, visas for aliens seeking permanent residence based on marriage to a citizen are not numerically capped, and those aliens may therefore file an I-485 application together with the I-130 petition. *See* 8 U.S.C. §§ 1151(b)(2)(A)(i), 1255(a).

Homeland Security ("DHS") had not yet approved Keci's Form I-130, Todi could not establish prima facie eligibility for adjustment. *See INS v. Abudu*, 485 U.S. 94, 104 (1988) (holding that the BIA may deny an alien's motion to reopen if the alien is not prima facie eligible for the relief sought). Moreover, because the DHS objected to reopening, Todi did not qualify for reopening under *In re Velarde-Pacheco*, 23 I. & N. Dec. 253 (BIA 2002).[2] When Todi petitioned for review of that denial, we dismissed the petition for want of prosecution. *Todi v. Ashcroft*, No. 03-3911 (6th Cir. Dec. 12, 2003) (order).

On November 17, 2003, the DHS approved Keci's I-130 visa petition. Rather than immediately taking action, Todi waited until June 24, 2004—one day before his petition for review challenging the underlying removal order was submitted to this court—to move to remand his case to the BIA to await adjudication of his Form I-485. Given its late filing, we denied the motion, stating that

> Todi fails to explain why he waited over six months—until June 24, 2004—to file this motion to remand, only one day before the Court was set to consider his petition. He also has failed to provide the Court with any legal authority supporting his claim that a remand would be appropriate under these circumstances.

---

[2]Historically, when an alien married a citizen after removal proceedings began, the BIA would not continue or reopen proceedings to await resolution of an adjustment-of-status application based on a pending visa petition. *See In re Arthur*, 20 I. & N. Dec. 475, 477 (BIA 1992). *Velarde-Pacheco* recently softened this approach by allowing an IJ to continue and reopen such proceedings if, among other prerequisites, "the Service either does not oppose the motion or bases its opposition solely on *Matter of Arthur*, [20 I. & N. Dec. 475 (BIA 1992)]." 23 I. & N. Dec. at 256. Because the DHS objected to reopening based on discretionary grounds, the BIA did not await the resolution of Todi's visa petition.

*Todi v. Ashcroft*, No. 02-4345 (6th Cir. July 15, 2004). We also denied the underlying petition for review because substantial evidence supported the IJ's adverse credibility decision. *Id.*

*Todi's Second and Third Motions to Reopen.* Undeterred, Todi filed a second motion to reopen directly with the BIA on August 13, 2004. Only days later, he filed an identical, third motion to reopen in the immigration court. In both, Todi argued that his proceedings should be reopened because, among other things, the Attorney General could waive his removal under § 237(a)(1)(H) of the Immigration and Nationality Act ("INA"), and the approved I-130 entitled him to adjust his status under the LIFE Act, INA § 245(i). The IJ denied Todi's third-filed motion on September 15, 2004, however, finding it both untimely and numerically barred, and specifically declining to exercise discretionary authority to reopen Todi's proceedings. Todi appealed to the BIA.

Early the next month, the BIA denied as numerically barred Todi's second-filed motion to reopen under 8 C.F.R. § 1003.1(e)(6), which authorizes a single adjudicator to review a case instead of referring it to a three-member panel. Todi petitioned this court for review. *See* Case No. 04-4329.

Finally, in April 2005, the BIA (again through a single member) adopted and affirmed the IJ's denial of Todi's third motion to reopen. Todi petitioned for review (Case No. 05-3513), and we consolidated the two petitions, *see* 8 U.S.C. § 1252(b)(6).

Todi raises identical arguments in support of his two petitions: (1) the BIA abused its discretion in not granting his motions to reopen as a matter of discretion; (2) he is entitled to adjust

his status pursuant to the LIFE Act, INA § 245(i); (3) denying him the ability to adjust status violates the constitutional rights of his spouse and children; and (4) the BIA erred in twice failing to assign his case for three-member panel review.[3]

## II

We have jurisdiction to review the denial of a motion to reopen. *Haddad v. Gonzales*, 437 F.3d 515, 517 (6th Cir. 2006). Our review is for an abuse of discretion, which will be found when the BIA offers no rational explanation for its decision, inexplicably departs from established policies, or rests its decision on an impermissible basis. *Balani v. INS*, 669 F.2d 1157, 1161 (6th Cir. 1982). We review de novo any legal issues and conclusions. *Haddad*, 437 F.3d at 517.

As an initial matter, we discern no abuse of discretion in the BIA's denying Todi's second and third motions to reopen as numerically barred. Section 240 of the INA, which governs removal proceedings, provides that an alien ordered removed may file only one motion to reopen. 8 U.S.C.

---

[3]Todi also argues the merits of the BIA's May 30, 2003, denial of his first motion to reopen by faulting the government for opposing it. *Supra* n.2. The May 30 denial is not before us, however, as we previously dismissed Todi's petition for review challenging that denial for want of prosecution. *Todi v. Ashcroft*, No. 03-3911 (6th Cir. Dec. 12, 2003) (order). Moreover, the lapse in time bars Todi from reviving this challenge. Petitions for review coming from final appealable removal orders, which include denials of motions to reopen, "must be filed not later than 30 days after the date of the final order of removal." *Musaj v. Gonzales*, 215 F. App'x 495, 497 (6th Cir. 2007) (quoting 8 U.S.C. § 1252(b)(1)). Because this window is jurisdictional, we treat each petition for review independently as challenging only the decision from which it was timely filed. *See Stone v. INS*, 514 U.S. 386, 405–06 (1995); *Min Sheng Chen v. U.S. Attorney Gen.*, 231 F. App'x 80, 81 (2d Cir. 2007) ("[Petitioner] argues the merits of the agency's denial of his underlying claims for relief and the merits of a previous motion to reopen, neither of which is before us.").

§ 1229a(c)(7)(A); *see also* 8 C.F.R. § 1003.2(c)(2). Todi filed his first motion to reopen on November 19, 2002, his second on August 13, 2004, and the third on August 16, 2004. The latter two are plainly subject to the numerical bar.

The statute and regulations provide only four exceptions to the numerical bar, none of which apply here.[4] Todi's counsel conceded this fact at oral argument but nonetheless analogizes Todi's situation to the exception covering successive motions to reopen to apply for asylum or withholding of removal "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered" so long as such changes are "material and [evidence of such changes was] not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii) (using the phrase "changed circumstances arising in the country of nationality or in the country to which deportation has been ordered"). Todi argues that his second and third motions to reopen are based on changed circumstances—the fact that Keci's Form I-130 was approved. We disagree with Todi's analogy. That development, while certainly a material change, does not bring him within the exception

---

[4]The regulations provide exceptions for "motions to reopen (1) filed by aliens who are deported *in absentia*; (2) filed by aliens seeking asylum or withholding of deportation based on changed country circumstances; (3) jointly filed by the alien and the INS; and (4) filed by the INS where the basis of the motion is fraud in the original proceeding or a crime that would support termination of asylum." *Harchenko v. INS*, 379 F.3d 405, 409 (6th Cir. 2004) (citing 8 C.F.R. § 3.2(c)(3)(i)–(iv) (recodified at 8 C.F.R. § 1003.2(c)(3)(i)–(iv)). In *In re Lozada*, 19 I. & N. Dec. 637 (BIA 1988), the BIA also set forth procedures for making successive motions to reopen premised on ineffective assistance of counsel. *See Nikollbibaj v. Gonzales*, 232 F. App'x 546, 554–55 (6th Cir. 2007).

because he filed the motions to reopen not seeking asylum or withholding of removal and, moreover, alleged "a purely personal change in circumstances that does not constitute changed conditions or circumstances in [a country]." *Haddad*, 437 F.3d at 517 (holding that an alien's divorce does not qualify as changed country conditions under § 1229a(c)(7)(C)(ii)).

Nor did the BIA abuse its discretion by affirming the IJ's denial of Todi's third motion to reopen as untimely. An alien must file a motion to reopen within ninety days of "the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(i). Here, the BIA entered its final removal order on November 12, 2002, and Todi filed his August 16, 2004, motion too late.

Notwithstanding the procedural bar to Todi's motions, the IJ and BIA retained discretion to reopen the removal proceedings sua sponte. 8 C.F.R. § 1003.2(a). The IJ opted not to exercise that discretion, finding that Todi's case did not present the kinds of exceptional circumstances warranting such relief. *See* JA 16 (declining to exercise discretion because Todi "failed to depart the United States although under a final order [of removal] for almost two years" and "[g]ranting this motion to reopen would reward . . . his continued violation of the immigration laws"). Todi offers two reasons why declining to do so constituted an abuse of discretion. First, he suggests that his case presents a "special legal circumstance" pursuant to the BIA's internal Practice Manual. *See* BIA Practice Manual 5.6(e)(vi) (2002) ("In addition to the regulatory exceptions for motions to reopen, exceptions may be created in accordance with . . . other special legal circumstances."). Second, he theorizes that reopening his case would advance the immigration laws' goals of family unification.

Despite these arguments, we unquestionably "lack[] jurisdiction to find that the BIA abused its discretion by failing to exercise its discretionary authority to reopen [Todi's] proceedings." *Harchenko*, 379 F.3d at 410–11; *see Rasi v. Mukasey*, No. 06-4539, 2007 WL 4232790, at *2 (6th Cir. Dec. 3, 2007) (collecting cases).[5] Far from rebutting this principle, the quoted passage from the BIA's Practice Manual only confirms the Board's discretion. *See Harchenko*, 379 F.3d at 411 (the authority to reopen in "exceptional" circumstances "merely provides the BIA the discretion to reopen . . . as it sees fit" (quoting *Anin v. Reno*, 188 F.3d 1273, 1279 (11th Cir. 1999))). And Todi's assertion that reopening would further legislative intent is equally unpersuasive. *E.g.*, *Abudu*, 485 U.S. at 108 ("The [DHS] should have the right to be restrictive. Granting such motions too freely will permit endless delay of deportation by aliens creative and fertile enough to continuously produce new and material facts sufficient to establish a prima facie case." (quoting *INS v. Jong Ha Wang*, 450 U.S. 139, 144 n.5 (1981))).

Still seeking to sidestep the procedural bar, Todi next argues that the BIA abused its discretion in not granting his second and third motions to reopen based on his entitlement to adjust status under the LIFE Act, INA § 245(i), 8 U.S.C. § 1255(i). In relevant part, § 1255(i) allows an alien physically present in the United States who entered without inspection to apply for status adjustment upon payment of $1,000 if the alien is the beneficiary of a Form I-130 filed on or before April 30, 2001, and was physically present in the country on December 21, 2000.

---

[5]The Eight Circuit recently vacated the one contrary opinion, and the case is now awaiting en banc review. *See Tamenut v. Gonzales*, 477 F.3d 580, 582 (8th Cir. 2007), *reh'g granted*, *opinion vacated* (Jul. 19, 2007).

Todi's argument misconstrues the statute. For one thing, relief premised on the LIFE Act is ultimately discretionary—it "creates an opportunity rather than an entitlement." *Jarad v. Gonzalez*, 461 F.3d 867, 868 (7th Cir. 2006); *see* 8 U.S.C. § 1255(i)(2) ("[T]he Attorney General *may* adjust the status of an alien." (emphasis added)). Equally important, successive motions to reopen, as here, are subject to the typical time and numeric limitations and exceptions, as the "LIFE Act Amendments contain no special provisions for reopening cases under Section 245(i) of the Act . . . where an alien already is the subject of a final order of removal, deportation or exclusion." *Li v. Agagan*, No. 04-40705, 2006 WL 637903, at *3 (5th Cir. Mar. 14, 2006) (quoting Adjustment of Status To That Person Admitted for Permanent Residence; Temporary Removal of Certain Restrictions of Eligibility, 66 Fed. Reg. 16383, 16386 (Mar. 26, 2001) (to be codified at 8 C.F.R. pt. 245)). Todi's argument thus repackages his attack on the BIA's decision not to exercise its sua sponte power to reopen his case, which, as we explained, is not something we may consider. *See Bhoja v. Attorney Gen. of U.S.*, 239 F. App'x 754, 754–55 (3d Cir. 2007) (recognizing the court's lack of jurisdiction to consider the BIA's refusal to grant an alien's second motion to reopen under § 245(i) where the alien was beneficiary of an approved I-140 petition).

We have authority to consider "constitutional claims or questions of law," 8 U.S.C. § 1252(a)(2)(D), but Todi's argument that denying him the ability to adjust status violates the constitutional rights of his citizen family requires little discussion. Congress has plenary power to determine the conditions under which an alien may enter and remain in the country. *See, e.g., Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206 (1953); *Harisiades v. Shaughnessy*, 342

U.S. 580 (1952); *United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537 (1950). Although the Todis face a Hobson's choice, neither the Constitution nor any statute supplies the right of a citizen spouse to have his or her alien spouse remain in the country. *See Bangura v. Hansen*, 434 F.3d 487, 496 (6th Cir. 2006); *Almario v. Attorney Gen.*, 872 F.2d 147, 151 (6th Cir. 1989).

As a final ground for relief, Todi suggests—almost as an afterthought—that the BIA abused its discretion by invoking its streamlining procedure, whereby all cases are assigned to a single Board member unless the case meets one of the exceptions listed at 8 C.F.R. § 1003.1(e)(6).[6] It remains an open question in this circuit whether we have jurisdiction to review the BIA's decision to utilize the streamlining procedures, *see Hassan v. Gonzales*, 403 F.3d 429, 437–38 (6th Cir. 2005), but we do not believe Todi's cursory argument is sufficient to raise whether the BIA failed to properly follow its own rules. We require parties to develop their arguments in a non-perfunctory manner or risk waiving them. *Sarr v. Gonzales*, 127 F. App'x 815, 819 (6th Cir. 2005) ("Issues adverted to in

---

[6]According to the streamlined-review process,

Cases may only be assigned for review by a three-member panel if the case presents one of these circumstances:

(i) The need to settle inconsistencies among the rulings of different immigration judges;

(ii) The need to establish a precedent construing the meaning of laws, regulations, or procedures;

(iii) The need to review a decision by an immigration judge or the Service that is not in conformity with the law or with applicable precedents;

(iv) The need to resolve a case or controversy of major national import;

(v) The need to review a clearly erroneous factual determination by an immigration judge; or

(vi) The need to reverse the decision of an immigration judge or the Service, other than a reversal under § 1003.1(e)(5).

8 C.F.R. § 1003.1(e)(6).

a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997))). Todi merely sets forth the regulation and a bald conclusion that three-member review was needed to establish a precedent construing the meaning of the LIFE Act, but then neglects to offer any supporting argument for our finding error therefrom. Given Todi's failure to develop this argument, we deem it waived.

III

Although we recognize that Todi's removal to Albania will cause hardship to him and his family, because the BIA did not abuse its discretion in denying his second and third motions to reopen as procedurally barred, and as Todi offers nothing to distinguish his case from controlling precedent, we deny the petitions for review.