# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2066

_____

| | | |
|---|---|---|
| Marekegn Asfaw Tamenut, | * | |
| | * | |
| Petitioner, | * | Petition for Review of an |
| | * | Order of the Board of |
| v. | * | Immigration Appeals. |
| | * | |
| John Ashcroft, Attorney General of the | * | [PUBLISHED] |
| United States of America, | * | |
| | * | |
| Respondent. | * | |

Submitted: March 11, 2004

Filed: March 22, 2004

_____

Before FAGG, BEAM, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Marekegn Asfaw Tamenut, a citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals (BIA) affirming an Immigration Judge's (IJ's) denial of Mr. Tamenut's application for asylum, withholding of removal, and relief under the Convention Against Torture. After review of the record, we deny the petition.

## I.    BACKGROUND

Petitioner is a citizen of Ethiopia who entered the United States in December 1996 as a non-immigrant visitor for pleasure authorized to remain until December 17, 1997.  He remained in the United States beyond the time authorized and filed an application for asylum on March 30, 1998.  Before the immigration court, Petitioner conceded he was subject to removal and sought asylum, withholding of removal, protection under the Convention Against Torture, and, in the alternative, voluntary departure.

Before the IJ, Petitioner claimed he was persecuted in the past and feared future persecution because of his involvement in the All Amhara People's Organization (AAPO).  Petitioner joined the AAPO after his brother died and claimed that he was arrested and beaten by the Ethiopian government on three occasions–one month in December 1993, ten days in March 1994, and twenty days in September 1994.  Then in December 1996, Petitioner received a summons requesting his testimony in a matter related to Prime Minister Timirat Layne.  Petitioner departed Ethiopia ten days before he was scheduled to testify and came to the United States.

During the hearing, the government introduced documentation from the American Embassy in Ethiopia, Petitioner's employer, rebutting Petitioner's testimony concerning his dates of incarceration.  The IJ admitted the evidence and ultimately denied all of Petitioner's applications based upon several inconsistencies in Petitioner's testimony.  On appeal, Petitioner's sole claim is that his due process rights were violated when the IJ allowed the government to introduce the rebuttal evidence without prior notice to Petitioner and denied him the opportunity to rebut and question the source of the evidence.

## II.    DISCUSSION

"The Due Process Clause requires only that an alien receive notice and a fair hearing where the INS must prove by clear, unequivocal, and convincing evidence that the alien is subject to deportation." Afolayan v. INS, 219 F.3d 784, 789 (8th Cir. 2000) (internal quotations omitted). "The traditional rules of evidence do not apply to immigration proceedings." Nyama v. Ashcroft, 357 F.3d 812, 816 (8th Cir. 2004). "'The sole test for admission of evidence is whether the evidence is probative and its admission is fundamentally fair.'" Id. (quoting Espinoza v. INS, 45 F.3d 308, 310 (9th Cir. 1995)).

In this case, the government rebutted Petitioner's testimony with a fax from the Consular Section of the United States Embassy in Ethiopia indicating that the embassy's records showed that Petitioner was actually listed as present for work during two of the three periods he claimed to have been imprisoned, and that records for the third period were unavailable. Petitioner was given an opportunity to rebut this evidence through his own testimony. Given that this evidence was offered to impeach Petitioner's credibility, we do not believe that the government had a duty to disclose it any earlier. Nyama, 357 F.3d at 816. Petitioner was given ample opportunity to respond and could have supplemented the record or, after the BIA's decision, moved to have the record re-opened. Francois v. INS, 283 F.3d 926, 933 (8th Cir. 2002). We do not find that the admission was unfair to Petitioner.

## III.   CONCLUSION

Accordingly, we deny the petition.

_____