# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-1702

———————

Saeed Ghasemimehr,                          *
                                            *
              Petitioner,                   *
                                            *    Petition for Review of an Order of
      v.                                    *    the Board of Immigration Appeals.
                                            *
Alberto Gonzales,* Attorney General,        *        [UNPUBLISHED]
of the United States of America,            *
                                            *
              Respondent.                   *

———————

Submitted: September 14, 2005
Filed: September 22, 2005

———————

Before RILEY, FAGG, and COLLOTON, Circuit Judges.

———————

PER CURIAM.

Saeed Ghasemimehr, a citizen of Iran, entered the United States in 1983 as a nonimmigrant student and did not leave when his visa expired. Ghasemimehr applied for asylum and withholding of deportation. An immigration judge (IJ) denied relief and issued a preprinted, one-page form as a summary of his oral decision. This memorandum of the oral decision (MOD) provided a pro forma listing of fifteen

———————

*Alberto Gonzales has been appointed to serve as Attorney General of the United States, and is substituted as appellee pursuant to Federal Rule of Appellate Procedure 43(c).

alternatives, dealing with various types of relief and outcomes, such as grant or denial of voluntary departure, suspension of deportation, adjustment of status, asylum and withholding of deportation, and application for admission, among others. In Ghasemimehr's case, the IJ checked the line stating, "The application for Asylum/withholding of Deportation under Section 208(a)/243(h) was granted/denied/withdrawn," with the word "denied" circled and the words "granted" and "withdrawn" crossed out. The IJ also checked lines indicating Ghasemimehr had been granted voluntary departure with an alternate order of deportation to Iran, and the decision was final unless an appeal was filed by August 4, 1989. The Board of Immigration Appeals (BIA) dismissed Ghasemimehr's appeal, but granted voluntary departure. We denied Ghasemimehr's petition for review. See Ghasemimehr v. INS, 7 F.3d 1389 (8th Cir. 1993).

Ghasemimehr did not leave the country, and in 2003, Ghasemimehr was detained by the Bureau of Immigration and Customs Enforcement. The Department of Homeland Security (DHS) sent a letter to the Iranian consular's office stating Ghasemimehr was in custody and had been ordered removed from the United States. The letter requested help in obtaining travel documents for Ghasemimehr's return to Iran. With the letter, the Department enclosed a copy of the MOD without the checkmark indicating his claims for asylum and withholding of deportation were denied. The altered MOD also deleted the words "was granted/denied/withdrawn" from the end of the asylum sentence. Apparently, those words and the checkmark had been whited out, then the form had been photocopied. As altered, the MOD indicated only that Ghasemimehr was granted voluntary departure on or before October 24, 1989 with an alternate order of deportation to Iran, and the decision was final unless appealed.

Later in 2003, Ghasemimehr moved to reopen his deportation proceedings to apply for asylum based on changed country conditions and to seek protection under the Convention Against Torture (CAT). According to Ghasemimehr, enclosure of the

altered MOD disclosed his asylum application to the Iranian government and constituted changed circumstances because given the disclosure, he would be subject to torture in Iran. The BIA denied the motion to reopen, holding it was untimely and Ghasemimehr failed make the necessary showing of changed circumstances. Ghasemimehr now petitions for review from the BIA's decision. We deny the petition.

A motion to reopen generally must be filed no later than ninety days after the final administrative decision sought to be reopened. 8 C.F.R. § 1003.2(c)(2). The ninety-day limit does not apply, however, when the applicant seeks to reopen proceedings to apply or reapply for asylum or withholding of deportation based on changed circumstances arising in the country of nationality. Id. An alien can satisfy his burden to show changed circumstances by providing sufficient facts and supporting documentary evidence, through affidavits or other evidentiary material, establishing prima facie eligibility for the relief sought. See id. § 1003.2(c)(1). The BIA has broad discretion to deny a motion to reopen, even if the movant has presented a prima facie case for relief. Id. § 1003.2(a). "'[W]e will find an abuse of discretion if the denial was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis (such as race).'" Boudaguian v. Ashcroft, 376 F.3d 825, 828 (8th Cir. 2004) (quoting Zhang v. INS, 348 F.3d 289, 293 (1st Cir. 2003)).

Ghasemimehr concedes his motion to reopen was untimely, but argues the untimeliness should be excused because of the disclosure of his asylum application to the Iranian government in violation of 8 C.F.R. § 1208.6 (information regarding asylum applications generally shall not be disclosed without applicant's consent). The BIA held Ghasemimehr had not met his burden to show changed circumstances. The BIA noted Ghasemimehr himself did not state in his motion why he fears persecution if returned to Iran or present an affidavit in support of his asylum claim, but merely presented counsel's motion, which is not evidence, explaining very

generally why Ghasemimehr fears returning to his country. The BIA also stated Ghasemimehr had failed to show the Iranian government had any reasonable basis for believing Ghasemimehr had applied for asylum in the United States based on the altered MOD. The BIA observed Ghasemimehr had made his asylum request public when he filed a petition for review with the Eighth Circuit and failed to request anonymity. Although more than ten years had elapsed since the publication of the Eighth Circuit's asylum decision, Ghasemimehr had not documented or specifically alleged what harm or threat he would suffer in Iran as a result of the disclosure.

We conclude the BIA reasonably concluded Ghasemimehr failed to show he was eligible for asylum based on changed circumstances resulting from the alleged disclosure of his asylum application. It would not be unreasonable for the Iranian authorities to deduce Ghasemimehr had sought asylum from the way the MOD was altered, and it would be prudent for the DHS to adopt an undetectable practice. Nevertheless, Ghasemimehr presented no evidence to show the Iranian reaction to his altered MOD. Further, even if the Iranian authorities deduced from the altered MOD that Ghasemimehr had applied for asylum, Ghasemimehr failed to show how he might be harmed as a result of the alleged disclosure. See Harchenko v. INS, 379 F.3d 405, 410 (6th Cir. 2004) (alien must offer reasonably specific information showing a real threat of individual persecution). Ghasemimehr's motion lacked any supporting documentary evidence and did not include any affidavits or other evidentiary material showing he is eligible for asylum. See 8 C.F.R. § 1003.2(c)(1); Boudaguian, 376 F.3d at 828. All the BIA had was counsel's motion with a general explanation why Ghasemimehr fears returning to Iran. That is not enough to satisfy Ghasemimehr's burden. The evidentiary material submitted with Ghasemimehr's appellate brief, including a Department of State report on human rights practices in Iran, was not before the BIA, and thus we decline to consider it. See Fisher v. INS, 79 F.3d 955, 963 (9th Cir. 1996) (appellate review is limited to facts considered by the BIA). In any event, the material is general information and does not indicate Ghasemimehr would be personally persecuted.

Ghasemimehr's motion to reopen also sought to apply for protection under CAT. As an alien under a deportation order that became final before March 22, 1999, Ghasemimehr may move to reopen proceedings for the sole purpose of seeking CAT protection if the motion is filed by June 21, 1999, and the evidence sought to be offered shows he would more likely than not be tortured if returned to the proposed country of removal. 8 C.F.R. § 1208.18(b)(2); 1208.16(c)(2). Like Ghasemimehr's motion with respect to his asylum application, Ghasemimehr's motion to reopen based on CAT is untimely and failed to set forth sufficient supporting evidence.

Because the BIA did not abuse its discretion in denying Ghasemimehr's motion to reopen, we deny Ghasemimehr's petition for review.

_____