# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2104

_____

Isatu Smith,                                          *
                                                      *
              Petitioner,                             *
                                                      *   Petition for Review of
       v.                                             *   an Order of the
                                                      *   Board of Immigration Appeals.
Alberto Gonzales,[1] Attorney General                 *
of the United States of America,                      *
                                                      *   [UNPUBLISHED]
              Respondent.                             *

_____

Submitted: May 5, 2006
    Filed:   May 12, 2006

_____

Before ARNOLD, BYE, and SMITH, Circuit Judges.

_____

PER CURIAM.

       Isatu Smith, a citizen of Sierra Leone, petitions for review of an order of the
Board of Immigration Appeals (BIA), which summarily affirmed an Immigration
Judge's (IJ's) denial of Smith's application for asylum, withholding of removal, and

_____

       [1]Alberto Gonzales has been appointed to serve as Attorney General of the
United States, and is substituted as respondent pursuant to Federal Rule of Appellate
Procedure 43(c).

relief under the Convention Against Torture (CAT).[2] Smith also moves for remand to the BIA for adjudication of her application for adjustment of status, asserting that her husband's Form I-130 petition was approved after the BIA's decision under review. We deny both the petition and the motion for remand.

After careful review of the record, we conclude the IJ's decision that Smith failed to establish either past persecution or a well-founded fear of persecution on account of a protected ground is supported by substantial evidence on the record as a whole. See Eta-Ndu v. Gonzales, 411 F.3d 977, 982-83 (8th Cir. 2005) (standard of review). Because Smith failed to meet the burden of proof on her asylum claim, her application for withholding of removal necessarily fails as well, see id. at 986, and she did not demonstrate the atrocity of past persecution that an applicant must show in order to obtain humanitarian asylum, see Francois v. INS, 283 F.3d 926, 932 (8th Cir. 2002).[3] Smith's challenge to the BIA's decision to affirm without an opinion, and her due process challenge to the BIA's summary affirmance procedure, also fail. See Hassan v. Ashcroft, 388 F.3d 661, 668-69 (8th Cir. 2004).

Subsequent to filing her motion for a remand, Smith sought reopening before the BIA, as she was required to do, see Grass v. Gonzales, 418 F.3d 876, 879 (8th Cir. 2005) (appeals court could not remand removal order for reopening on basis that petitioner's I-130 petition had been approved after BIA decision; court's judicial review is limited to administrative record), cert. denied, 74 U.S.L.W. 3585 (U.S. Apr. 17, 2006) (No. 05-9296). But because Smith filed her motion to reopen with the BIA on November 23, 2005--well beyond ninety days of the BIA's April 27, 2004 final

---

[2]The IJ's decision, therefore, is the final agency determination for purposes of judicial review. See Kimumwe v. Gonzales, 431 F.3d 319, 322 (8th Cir. 2005).

[3]Smith presents no argument on appeal regarding the denial of CAT relief; thus, we will not consider that claim as part of the petition for review, see Alyas v. Gonzales, 419 F.3d 756, 760 (8th Cir. 2005).

order--we find no abuse of discretion in the BIA's denial of the motion as untimely. See 8 C.F.R. § 1003.2(c)(2) (2005); <u>Ghasemimehr v. Gonzales</u>, 427 F.3d 1160, 1162-63 (8th Cir. 2005) (per curiam).

Accordingly, we deny the petition for review and the motion for remand. Smith moved for a stay of removal before her voluntary-departure period expired, and we therefore deem this court's grant of her unopposed motion to include a stay of her voluntary-departure period as well. <u>See</u> <u>Rife v. Ashcroft</u>, 374 F.3d 606, 616 (8th Cir. 2004).

_____