# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4418

_____

| | | |
|---|---|---|
| Marekegn Asfaw Tamenut, | * | |
| | * | |
| Petitioner, | * | |
| | * | Petition for Review of |
| v. | * | an Order of the Board |
| | * | of Immigration Appeals. |
| Alberto Gonzales, Attorney General | * | |
| of the United States of America, | * | |
| | * | |
| Respondent. | * | |

_____

Submitted: December 11, 2006
Filed: February 15, 2007

_____

Before WOLLMAN, BEAM, and RILEY, Circuit Judges.

_____

BEAM, Circuit Judge.

## I.    BACKGROUND

This is the second time Mr. Tamenut is before us. See Tamenut v. Ashcroft, 361 F.3d 1060 (8th Cir. 2004) (Tamenut I). He entered the U.S. in December 1996 and remained beyond the time authorized. He filed an application for asylum on March 30, 1998, conceding that he was subject to removal but seeking asylum, withholding of removal, and protection under the Convention Against Torture. Based upon impeachment evidence offered by the government, and other inconsistencies

revealed before the immigration judge (IJ), the IJ denied all of Tamenut's applications on October 22, 1999. Tamenut married a U.S. citizen on November 27, 2002. The Board of Immigration Appeals (BIA) affirmed without opinion the IJ's decision on March 28, 2003.

In Tamenut I, Tamenut appealed to this court from the BIA's 2003 affirmance claiming that his due process rights were violated when the IJ allowed the government to introduce the impeachment evidence without prior notice to Tamenut. On March 22, 2004, we disagreed with the due process argument and denied his petition. Tamenut I, 361 F.3d at 1061.

After Tamenut I, on June 7, 2004, Tamenut filed a motion to reopen with the BIA seeking to adjust his status based upon his marriage to a U.S. citizen. The BIA denied this motion to reopen on August 20, 2004, as filed out of time. The motion to reopen should have been filed on or before June 26, 2003, ninety days after the BIA's March 28, 2003, order. Tamenut did not appeal the August 20, 2004, BIA order. The United States Department of Homeland Security U.S. Citizenship and Immigration Services approved Tamenut's wife's Form I-130, filed on Tamenut's behalf, on January 21, 2005, providing Tamenut with the appropriate classification making him eligible for lawful permanent residency.

In September 2005, Immigration and Naturalization Service ordered Tamenut to report for departure to Ethiopia on September 28, 2005. Again Tamenut sought stay of removal and was granted permission to remain in the U.S. until January 2006. Tamenut filed another motion to reopen, pursuant to 8 C.F.R. § 1003.2, on October 4, 2005, arguing that his case presented significant hardship considerations that warranted *sua sponte* reopening of the matter to allow him to apply for adjustment of status based on his marriage to a U.S. citizen. On November 21, 2005, the BIA found the motion untimely and declined to exercise its limited discretionary power under section 1003.2(a) to *sua sponte* reopen. Tamenut appeals this order.

## II.    DISCUSSION

There is no dispute in this case that Tamenut's October 4, 2005, motion to reopen was untimely.  Tamenut argues that in spite of that, the BIA should have reopened *sua sponte* under 8 C.F.R. § 1003.2(a), which provides that the Board "may at any time[, at its discretion,] reopen or reconsider on its own motion any case in which it has rendered a decision."  The government argues that we have no jurisdiction to review matters committed to agency discretion, as this is, citing Heckler v. Chaney, 470 U.S. 821, 830 (1985).  Numerous circuits have concluded that the BIA's refusal to reopen removal proceedings *sua sponte* under section 1003.2(a) is a discretionary decision that cannot be reviewed by the court of appeals.  See, e.g., Ali v. Gonzales, 448 F.3d 515, 518 (2d Cir. 2006); Enriquez-Alvarado v. Ashcroft, 371 F.3d 246, 249-50 (5th Cir. 2004); Belay-Gebru v. INS, 327 F.3d 998, 1000-01 (10th Cir. 2003).

If we were writing on a clean slate, we, too, probably would conclude that we lack jurisdiction.  However, we have previously reviewed challenges to a BIA's decision not to exercise its *sua sponte* authority to reopen removal proceedings under section 1003.2(a) for an abuse of discretion.  Recio-Prado v. Gonzales, 456 F.3d 819, 821-22 (8th Cir. 2006).[1]  "[W]e will find an abuse of discretion if the denial was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis (such as race)."  Ghasemimehr v. Gonzales, 427 F.3d 1160, 1162 (8th Cir. 2005) (alteration in original) (quotations omitted).  Although the

---

[1]The dissenting opinion fails to acknowledge in its discussion of Recio-Prado that there, the motion to reopen before the BIA was untimely under section 1003.2(c) and was thus ultra vires.  Accordingly, if the BIA conducted any review at all, it did so only under an exercise of its own discretion established in section 1003.2(a). Given these circumstances we find ourselves bound by this precedent today whether or not we agree that we are without jurisdiction to review the agency's decision.

Recio-Prado and Ghasemimehr panels were apparently not faced with a direct challenge to the exercise of jurisdiction, the clear inference from their reviews of the matters addressed indicates the existence of the jurisdiction now challenged by the government. Given this precedent, we review the BIA's decision for abuse of discretion and leave resolution of the jurisdictional issue to the court en banc at the appropriate time.

Applying the abuse of discretion standard, we find none. Tamenut was already married in March 2003 when the BIA affirmed without opinion the IJ's decision to deny Tamenut's applications for asylum. And, Tamenut's first motion to reopen in June 2004, although untimely, was based on his marriage and expected parental status, facts he now claims are new and exceptional. The October 2005 motion, recognizing its untimeliness, sought to reopen under the discretionary provision of section 1003.2. There does not appear to be anything exceptional raised in this latest motion to reopen. And, notwithstanding our own view of the merits in this case, the BIA clearly recognized the situation set forth in Tamenut's motion, acknowledged Tamenut's sympathetic circumstances and refused to exercise its discretion. We find no abuse of that discretion and therefore deny Tamenut's petition.

Finally, Tamenut's due process argument is without merit. He claims that the BIA failed to fully consider all factors and circumstances surrounding this case and thus his due process rights were violated. There is no support for this claim.

## III.   CONCLUSION

Accordingly, we deny the petition.

RILEY, Circuit Judge.

I respectfully dissent. Tamenut appeals the Board of Immigration Appeals' (BIA) refusal to exercise its discretionary authority under 8 C.F.R. § 1003.2(a) to reopen *sua sponte* Tamenut's proceedings. The language of § 1003.2(a)[2] provides "no meaningful standard against which to judge the agency's exercise of discretion." Heckler v. Chaney, 470 U.S. 821, 830 (1985). Without any meaningful standard or applicable law, the BIA's authority to reopen proceedings *sua sponte* has been entirely committed to the BIA's discretion making the BIA's decision "impossible to evaluate . . . for abuse of discretion," and thus it cannot be reviewed by the courts. Id. (internal quotation marks omitted); see Ngure v. Ashcroft, 367 F.3d 975, 982 (8th Cir. 2004).

Our circuit cases relied upon by the panel majority, Recio-Prado v. Gonzales, 456 F.3d 819 (8th Cir. 2006), and Ghasemimehr v. Gonzales, 427 F.3d 1160 (8th Cir. 2005) (per curiam), do not hold to the contrary. In both Recio-Prado and Ghasemimehr, the court held the BIA had not abused its discretion in concluding the petitioner had not met the petitioner's burden under § 1003.2(c).[3] Recio-Prado, 456 F.3d at 821-22; Ghasemimehr, 427 F.3d at 1162-63. In contrast to § 1003.2(a), the language of § 1003.2(c) provides a meaningful standard against which to judge the BIA's decisions. The citations in Recio-Prado and Ghasemimehr to § 1003.2(a) are clearly dicta because neither Recio-Prado nor Ghasemimehr concerned a motion to

---

[2]"The Board may at any time reopen or reconsider on its own motion any case in which it has rendered a decision." 8 C.F.R. § 1003.2(a).

[3]"A motion to reopen proceedings shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material." 8 C.F.R. § 1003.2(c)(1). "A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." Id.

reopen proceedings *sua sponte* under § 1003.2(a), and § 1003.2(a) was not a basis for either decision. Therefore <u>Recio-Prado</u> and <u>Ghasemimehr</u> are not controlling. <u>See</u> <u>Wilson v. Zoellner</u>, 114 F.3d 713, 721 n.4 (8th Cir. 1997) (noting a panel is bound to follow Eighth Circuit precedent, not dicta).

I conclude we lack jurisdiction over Tamenut's § 1003.2(a) appeal. Because the panel majority concludes our precedent dictates otherwise, I respectfully recommend the en banc court consider this issue in order to bring the law of the Eighth Circuit in accord with the precedent of the Supreme Court and the holdings of ten of our sister circuits.[4]

_____

_____

[4]<u>Ali v. Gonzales</u>, 448 F.3d 515, 518 (2d Cir. 2006) (per curiam) (holding "a decision of the BIA whether to reopen a case *sua sponte* under 8 C.F.R. § 1003.2(a) is entirely discretionary and therefore beyond our review—in other words, we lack jurisdiction to review the BIA's decision not to reopen [the petitioner's] immigration proceedings *sua sponte*."); <u>accord</u> <u>Zhang v. Gonzales</u>, 469 F.3d 51, 53 (1st Cir. 2006); <u>Doh v. Gonzales</u>, 193 F. App'x 245, 245 (4th Cir. 2006) (per curiam) (unpublished); <u>Infanzon v. Ashcroft</u>, 386 F.3d 1359, 1361 (10th Cir. 2004); <u>Harchenko v. INS</u>, 379 F.3d 405, 410-11 (6th Cir. 2004); <u>Enriquez-Alvarado v. Ashcroft</u>, 371 F.3d 246, 249-50 (5th Cir. 2004); <u>Pilch v. Ashcroft</u>, 353 F.3d 585, 586 (7th Cir. 2003); <u>Calle-Vujiles v. Ashcroft</u>, 320 F.3d 472, 474-75 (3d Cir. 2003); <u>Ekimian v. INS</u>, 303 F.3d 1153, 1159 (9th Cir. 2002); <u>Anin v. Reno</u>, 188 F.3d 1273, 1279 (11th Cir. 1999) (per curiam).