# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 05-4418

———————

Marekegn Asfaw Tamenut,     *
                            *

       Petitioner,        *

                          *    Petition for Review of an Order

      v.              *    of the Board of Immigration

                          *    Appeals.

Michael B. Mukasey, Attorney    *

General of the United States of    *    [PUBLISHED]

America,[1]                     *

                          *

       Respondent.       *

———————

Submitted: July 19, 2007
Filed: March 11, 2008

———————

Before LOKEN, Chief Judge, WOLLMAN, BEAM, MURPHY, BYE, RILEY, MELLOY, SMITH, COLLOTON, GRUENDER, BENTON, and SHEPHERD, Circuit Judges, en banc.

———————

PER CURIAM.

The question before the en banc court is whether this court has jurisdiction over a petition for review filed by Marekegn Asfaw Tamenut challenging the decision of the Board of Immigration Appeals (BIA) not to reopen *sua sponte* proceedings

_____

[1]Michael B. Mukasey has been appointed Attorney General, and is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c).

relating to Tamenut's removal from the United States. We conclude that the decision whether to reopen removal proceedings *sua sponte* is committed to the BIA's discretion by law, 5 U.S.C. § 701(a)(2), and that we lack jurisdiction to review the agency's discretionary decision. We therefore dismiss the petition for review.

I.

Section 240 of the Immigration and Nationality Act ("INA") provides that "[a]n immigration judge shall conduct proceedings for deciding the . . . deportability of an alien." 8 U.S.C. § 1229a(a)(1); *see* 8 C.F.R. pt. 1240. The decision of an immigration judge (IJ) that an alien is removable may be appealed to the BIA. 8 C.F.R. §§ 1003.1(b)(2), 1240.15. The BIA "function[s] as an appellate body charged with the review of . . . administrative adjudications." *Id.* § 1003.1(d).

In a removal proceeding, an alien may file one motion to reopen proceedings. 8 U.S.C. § 1229a(c)(7)(A); 8 C.F.R. § 1003.2(c)(2). The motion to reopen must be filed within ninety days of the final administrative order of removal. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). The motion must "state the new facts that will be proven at a hearing to be held if the motion is granted." 8 U.S.C. § 1229a(c)(7)(B); 8 C.F.R. § 1003.2(c)(1).

The governing regulations also provide that the BIA may reopen proceedings on its own motion. The relevant provision states in full:

(a) General. *The Board may at any time reopen or reconsider on its own motion any case in which it has rendered a decision.* A request to reopen or reconsider any case in which a decision has been made by the Board, which request is made by the Service, or by the party affected by the decision, must be in the form of a written motion to the Board. The decision to grant or deny a motion to reopen or reconsider is within the discretion of the Board, subject to the restrictions of this section. The

Board has discretion to deny a motion to reopen even if the party moving
has made out a *prima facie* case for relief.

8 C.F.R. § 1003.2(a) (first emphasis added).  The present version of this regulation
was promulgated in 1996, pursuant to statutory authority providing that the Attorney
General "shall establish such regulations, . . . review such administrative
determinations in immigration proceedings, delegate such authority, and perform such
other acts as the Attorney General determines to be necessary for carrying out this
section."  8 U.S.C. § 1103(g)(2).[2]

On March 30, 1998, Tamenut filed an application for asylum, withholding of
removal, and relief under the Convention Against Torture.  On October 22, 1999, an
IJ denied the application.  On March 28, 2003, the BIA affirmed without opinion.
Tamenut filed a petition for review, which a panel of this court denied.  *Tamenut v.
Ashcroft*, 361 F.3d 1060 (8th Cir. 2004) (per curiam).

The BIA received Tamenut's first motion to reopen on June 7, 2004, and denied
it as untimely on August 20, 2004.  On October 4, 2005, the BIA received Tamenut's
second motion to reconsider and reopen.  This motion also requested that the BIA
reopen the proceedings on its own motion.  On November 21, 2005, the BIA denied
Tamenut's motion as untimely.  The BIA acknowledged it retained "limited
discretionary powers" under § 1003.2(a) to reopen proceedings on its own motion, but
stated that this power is confined to "exceptional situations," and concluded that

_____

[2]The provision authorizing the BIA to reopen proceedings at any time on its
own motion originally was promulgated by the Attorney General in 1958, 23 Fed.
Reg. 9,118 (Nov. 26, 1958), pursuant to a statute declaring that "[t]he Attorney
General shall establish such regulations, . . . and perform such other acts as he deems
necessary for carrying out his authority under the provisions of  [the INA]."
Immigration and Nationality Act of 1952, Pub. L. 414, § 103(a), 66 Stat. 163, 173
(1952).

Tamenut's situation did not merit this relief. (R. 2) (citing *Matter of J-J-*, 21 I&N Dec. 976 (BIA 1997)).

Tamenut filed a petition for review, arguing that the BIA abused its discretion by declining to reopen *sua sponte*, and that the BIA's decision violated the Due Process Clause. A panel of this court concluded that if it "were writing on a clean slate," then it "probably would conclude that we lack jurisdiction," *Tamenut v. Gonzales*, 477 F.3d 580, 581 (8th Cir. 2007), but determined that it was bound by *Recio-Prado v. Gonzales*, 456 F.3d 819, 821-22 (8th Cir. 2006), and *Ghasemimehr v. Gonzales*, 427 F.3d 1160, 1162 (8th Cir. 2005), to hold that the BIA's refusal to reopen *sua sponte* is subject to judicial review. The panel then concluded that the BIA did not abuse its discretion or violate Tamenut's constitutional rights, and thus denied the petition for review. *Tamenut*, 477 F.3d at 582. A dissenting judge would have dismissed the petition for lack of jurisdiction. *Id.* at 582-83 (Riley, J., dissenting). We granted rehearing en banc to consider the jurisdictional question.

II.

This court has jurisdiction to review all final orders of removal. 8 U.S.C. § 1252(a)(1), (b). Although the statute does not mention orders denying motions to reopen or reconsider, we have held that the grant of jurisdiction extends to review of these decisions. *See Esenwah v. Ashcroft*, 378 F.3d 763, 764 (8th Cir. 2004); *De Jimenez v. Ashcroft*, 370 F.3d 783, 788-89 (8th Cir. 2004). We adopted the view of the Seventh Circuit that "Congress has not clearly expressed an intent to depart from the long line of Supreme Court and appellate court decisions interpreting 'order of deportation' to include orders denying motions to reconsider and reopen." *See id.* at 789 (quoting *Chow v. INS*, 113 F.3d 659, 664 (7th Cir. 1997)). In considering the scope of § 1252(a)(1), we do not perceive a material difference between the BIA's decision to deny a party's motion to reopen and the BIA's decision to refuse a party's request that the agency reopen proceedings on its own motion. Thus, to the extent the

-4-

BIA's refusal to reopen proceedings *sua sponte* is not committed to agency discretion, we would have jurisdiction to review the decision pursuant to § 1252.

There is a "basic presumption of judicial review" of final agency action, *Lincoln v. Vigil*, 508 U.S. 182, 190 (1993), but this presumption may be overridden in certain circumstances. The Administrative Procedure Act declares that its provisions for judicial review do not apply when (1) a statute precludes judicial review, or (2) agency action is committed to agency discretion by law. 5 U.S.C. § 701(a). The INA does include a statutory provision that precludes judicial review of decisions by the Attorney General (other than the granting of relief under 8 U.S.C. § 1158(a)), which are specified under subchapter II of the INA to be in the discretion of the Attorney General. 8 U.S.C. § 1252(a)(2)(B)(ii). Because the INA does not specifically address the Attorney General's authority to reopen proceedings on his own motion, § 1252(a)(2)(B)(ii) does not preclude judicial review of the BIA's refusal to reopen *sua sponte*. Even where a jurisdiction-stripping statute does not preclude review of a particular agency action, however, we must still consider whether that agency action is "committed to agency discretion by law" under § 701(a)(2) of the APA. *Heckler v. Chaney*, 470 U.S. 821, 830 (1985); *see*, *e.g.*, *Ngure v. Ashcroft*, 367 F.3d 975, 981-82 (8th Cir. 2004); *Kambolli v. Gonzales*, 449 F.3d 454, 461 (2d Cir. 2006).

The "committed to agency discretion" exception is a "very narrow exception" that "is applicable in those rare instances where 'statutes are drawn in such broad terms that in a given case there is no law to apply.'" *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 410 (1971) (quoting S. Rep. No. 79-752, at 26 (1945)), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99, 105 (1977). The Supreme Court has explained that "review is not to be had if the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion." *Chaney*, 470 U.S. at 830. The application of the "committed to agency discretion" exception to judicial review "requires careful

examination of the statute on which the claim of agency illegality is based." *Webster v. Doe*, 486 U.S. 592, 600 (1988). In conducting this examination, we consider "both the nature of the administrative action at issue and the language and structure of the statute that supplies the applicable legal standards for reviewing that action." *Secretary of Labor v. Twentymile Coal Co.*, 456 F.3d 151, 156 (D.C. Cir. 2006) (internal quotation omitted). The absence of any statutory factors to guide the agency's decision-making process, in combination with the open-ended nature of the inquiry, generally supports the conclusion that the "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(2); *see Southern Ry. Co. v. Seaboard Allied Milling Corp.*, 442 U.S. 444, 455 (1979); *State of North Dakota v. Yeutter*, 914 F.2d 1031, 1035 (8th Cir. 1990).

Ten courts of appeals, finding no meaningful standard against which to judge the agency's exercise of discretion, have held that the BIA's decision whether to reopen proceedings on its own motion is committed to agency discretion by law. *Luis v. INS*, 196 F.3d 36, 40 (1st Cir. 1999); *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006); *Calle-Vujiles v. Ashcroft*, 320 F.3d 472, 474-75 (3d Cir. 2003); *Doh v. Gonzales*, 193 F. App'x 245, 246 (4th Cir. 2006) (per curiam); *Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 248-50 (5th Cir. 2004); *Harchenko v. INS*, 379 F.3d 405, 410-11 (6th Cir. 2004); *Pilch v. Ashcroft*, 353 F.3d 585, 586 (7th Cir. 2003); *Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002); *Belay-Gebru v. INS*, 327 F.3d 998, 1000-01 (10th Cir. 2003); *Anin v. Reno*, 188 F.3d 1273, 1279 (11th Cir. 1999). We now reach the same conclusion.

The statute governing motions to reopen speaks only to motions filed by a party; it does not establish any standard to guide the agency's discretion whether to reopen on its own motion. *See* 8 U.S.C. § 1229a(c)(7). The regulation establishing the BIA's authority to reopen *sua sponte* was promulgated pursuant to a general grant of regulatory authority that sets no standards for this decision. *See* 8 U.S.C. § 1103(g). The regulation itself, 8 C.F.R. § 1003.2(a), provides no guidance as to the BIA's

appropriate course of action, sets forth no factors for the BIA to consider in deciding whether to reopen *sua sponte*, places no constraints on the BIA's discretion, and specifies no standards for a court to use to cabin the BIA's discretion.  *See Interstate Commerce Comm'n v. Brotherhood of Locomotive Eng'rs*, 482 U.S. 270, 282 (1987); *South Dakota v. Ubbelohde*, 330 F.3d 1014, 1027 (8th Cir. 2003) (stating that the "committed to agency discretion" exception applies only where statutes do not "provide even minimal guidance to limit agency discretion").  The use of permissive and discretionary language in the first sentence of § 1003.2(a) further supports the inference that the agency action is unreviewable.  *See Southern Ry.*, 442 U.S. at 456; *Association of Irritated Residents v. EPA*, 494 F.3d 1027, 1032-33 (D.C. Cir. 2007).

We are mindful that the BIA has said it may reopen proceedings on its own motion in "exceptional situations," *In re J-J-*, 21 I&N Dec. at 984, and that agency decisions about the presence of "exceptional circumstances," a similar phrase, are reviewable for abuse of discretion in some contexts, such as where the phrase is further defined by statute or regulation.  *See*, *e.g.*, 8 U.S.C. § 1229a(e)(1) ("The term 'exceptional circumstances' refers to exceptional circumstances (such as battery or extreme cruelty to the alien or any child or parent of the alien, serious illness of the alien, or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances) beyond the control of the alien.").  We agree with other circuits, however, that there is no statutory, regulatory, or case-law definition of "exceptional situation" applicable to the BIA's *sua sponte* power under § 1003.2(a), *e.g.*, *Ekimian*, 303 F.3d at 1159, and that the use of the permissive term "may" in the regulation further implies that the BIA is under no obligation to reopen any particular case.  *Enriquez-Alvarado*, 371 F.3d at 249-50.  Assuming that a settled course of adjudication could establish a meaningful standard by which to measure the agency's future exercise of discretion, the mere fact that the BIA has acknowledged the existence of its authority to reopen *sua sponte* in what it deems to be "exceptional situations" is not sufficient to establish a meaningful standard for judging whether the BIA is *required* to reopen proceedings on its own motion.  *See Calle-Vujiles*, 320 F.3d

at 474-75. Therefore, we hold that the BIA's decision whether to reopen proceedings on its own motion pursuant to 8 C.F.R. § 1003.2(a) is committed to agency discretion by law.

Although this court lacks jurisdiction over Tamenut's challenge to the BIA's decision not to reopen *sua sponte*, we generally do have jurisdiction over any colorable constitutional claim. *See Mouawad v. Gonzales*, 485 F.3d 405, 411 (8th Cir. 2007); *Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001). *See generally Webster*, 486 U.S. at 603; *Sanders*, 430 U.S. at 109. To be colorable, a constitutional claim must have "some possible validity." *Torres-Aguilar*, 246 F.3d at 1271.

Tamenut argues that the BIA violated the Due Process Clause by misinterpreting BIA precedent and failing to consider all of the relevant circumstances of Tamenut's case. We think these contentions are simply "cloaking an abuse of discretion argument in constitutional garb," *Onyinkwa v. Ashcroft*, 376 F.3d 797, 799 n.1 (8th Cir. 2004) (quoting *Torres-Aguilar*, 246 F.3d at 1271), and are thus insufficient to justify judicial review. The Due Process Clause guarantees that removal proceedings will be "fundamentally fair." *Al Khouri v. Ashcroft*, 362 F.3d 461, 464 (8th Cir. 2004). Tamenut quarrels with the BIA's fact-specific discretionary decision whether to reopen his case, but he points to nothing that calls into doubt the fundamental fairness of the procedures employed.

For these reasons, we join ten other circuits in concluding that the BIA's decision whether to reopen proceedings on its own motion under 8 C.F.R. § 1003.2(a) is committed to agency discretion by law. We also conclude that Tamenut has not advanced a colorable claim that the BIA violated his constitutional rights. Accordingly, we dismiss the petition for review.

BEAM, Circuit Judge, dissenting.

Based upon an analysis under 8 U.S.C. § 1252, I believe we have jurisdiction over a petition for review challenging the BIA's decision not to reopen the record sua sponte in a removal proceeding. Therefore, I write separately in dissent.

The old adage "don't think you're on the right road just because it's a well-beaten path," is applicable here.[3] In this case, I choose a different path from that taken by the en banc court and many circuits–one that is not new, but just a little less traveled. While the parties did not raise the question of whether 8 U.S.C. § 1252(a)(2)(B)(ii) affects our jurisdiction, we must examine all the bases of our subject matter jurisdiction, on our own motion if necessary.

The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009 (1996), "implements restrictions on federal court jurisdiction over several categories of BIA decisions." Zhao v. Gonzales, 404 F.3d 295, 302 n.2 (5th Cir. 2005). These restrictions are codified at 8 U.S.C. § 1252, representing Congress's clear intent in immigration proceedings. Accordingly, the jurisdiction proscription in the IIRIRA itself should be the first and only place we look to determine our jurisdiction in this case.

Section 1252(a)(2)(B)(ii) proscribes judicial review of "any . . . decision or action of the Attorney General . . . the authority for which is *specified under this*

---

[3]Or, perhaps, Sophie Tucker's verse in the 1927 song "Fifty Million Frenchmen Can't Be Wrong," an observation proven grossly inaccurate when France constructed the Maginot Line to defend itself from invasion by Germany at the outset of World War II. Sophie Tucker-Free Music Downloads, etc., http://www.artistdirect.com/nad/window/media/page/0,,253277-812683-WMLO,00.html (last visited Mar. 4, 2008). This defensive line was generally considered one of the great failures of military history. 7 The New Encyclopedia Britannica 672-73 (16th ed. 1998).

*subchapter* [8 U.S.C. §§ 1151-1381] to be in the discretion of the Attorney General" (emphasis added). Because § 1252(a)(2)(B)(ii) only strips our jurisdiction to review the use of discretionary authority "specified under this subchapter," its proscription would not apply to motions to reopen where the quantum of discretion is established by the agency in its implementing regulations. See 8 C.F.R. § 1003.2(a). See, e.g., Ahmed v. Gonzales, 447 F.3d 433, 436-37 (5th Cir. 2006) (applying Zhao and determining that it had authority to review motions to continue because the quantum of discretion exercised by the Attorney General in those instances is furnished by the federal regulation and is not specified in the subchapter as § 1252(a)(2)(B)(ii) contemplates); Zhao, 404 F.3d at 303 (same, in motion to reopen context); Medina-Morales v. Ashcroft, 371 F.3d 520, 529 (9th Cir. 2004) (same, in motion to reopen context). It is here where I part ways with the court majority even though we all agree that we have jurisdiction to entertain Tamenut's petition for review under section 1252. Ante at 4.

It matters not, in my view, whether we are reviewing decisions on motions to reopen under 8 C.F.R. § 1003.2(a) or § 1003.2(c). Or, for that matter, whether we are reviewing motions for continuances under 8 C.F.R. § 1003.29. Regardless, the discretion established for reviewing any of these motions is established in the regulations, not the statutes.

Further, I do not view Heckler as a road block. Cf. Zhao, 404 F.3d at 302-04 (finding jurisdiction to review motions to reopen without conducting a Heckler analysis); Medina-Morales, 371 F.3d at 528-29 (same). I recognize that there are times when the standards against which we judge a BIA's decision are nonexistent, but reviewing decisions under § 1003.2(a) is not one of those times. The BIA has ruled that it will reopen cases in exceptional circumstances. Matter of J-J-, 21 I. & N. Dec. 976, 984 (BIA 1997) (holding that the Board's power to reopen or reconsider cases sua sponte is limited to exceptional circumstances and is not meant to cure filing defects or circumvent the regulations, where enforcing them might result in hardship). This

-10-

body of agency law combined with case law pertaining to when exceptional circumstances have been found ought to be sufficient for us to unearth a meaningful standard of review in the § 1003.2(a) context, especially given the alternative. See Ekimian v. INS, 303 F.3d 1153, 1161 (9th Cir. 2002) (Bright, J. dissenting); see also Ramirez-Perez v. Ashcroft, 336 F.3d 1001, 1005-06 n.15 (9th Cir. 2003) (recognizing that a history of case law may sufficiently establish standards upon which to review a BIA's decision). Given this highly deferential and strict standard of review, it may very well be that most BIA decisions that provide some reasons for not reopening will be summarily upheld. The critical factor, however, is that review is proper.

Denying jurisdiction in these cases has clear policy consequences. Giving unfettered authority to administrative agencies to strip our jurisdiction is a slippery slope and one I am not willing to travel downward needlessly. Recognizing the "strong presumption in favor of judicial review of administrative action," INS v. St. Cyr, 533 U.S. 289, 298 (2001), I dissent.

_____

-11-