# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2750

_____

Fatima Mohamed,                                    *
                                                   *
                Appellant,                         *
                                                   *
        v.                                         *
                                                   *
Rosemary L. Melville, District                     *
Director, Atlanta District, United                 *
States Citizenship and Immigration                 *
Services (USCIS); District Director/               *
Field Office Director, Atlanta District,           *   Appeal from the United States
United States Immigration and                      *   District Court for the
Customs Enforcement (USICE);                       *   District of Minnesota.
Denise Frazier, District Director,                 *
St. Paul District, United States                   *   [UNPUBLISHED]
Citizenship and Immigration Services               *
(USCIS); Alberto Gonzales, U.S.                    *
Attorney General; Michael Chertoff,                *
Secretary, Department of Homeland                  *
Security; Emilio T. Gonzales, Director,            *
United States Citizenship and                      *
Immigration Services (USCIS),                      *
                                                   *
                Appellees.                         *

_____

Submitted: April 14, 2008
Filed: April 18, 2008

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

Fatima Mohamed, a Somali citizen, appeals the district court's[1] dismissal of her complaint for lack of subject matter jurisdiction. We affirm.

Mohamed filed a declaratory judgment action seeking an order that the defendants join in her request before the Bureau of Immigration Appeals (BIA) to reopen her removal proceedings. In her complaint, Mohamed alleged that she entered the United States without inspection on January 25, 2000. Shortly thereafter, she applied for asylum, but was denied, and the BIA affirmed that denial. While her asylum application was pending, the Attorney General granted Mohamed Temporary Protected Status (TPS) due to the ongoing conflicts in Somalia. The BIA entered its final order of removal on April 1, 2003, however this removal order was suspended because of Mohamed's TPS.

On August 11, 2004, Mohamed married Abdinur Omar Rage, a United States citizen. Rage subsequently filed an Alien Relative Petition, and the United States Citizenship and Immigration Services (USCIS) approved the petition on January 20, 2005. By virtue of the petition, Mohamed alleges that she is eligible to apply for Permanent Resident status. Under federal regulations, a motion to reopen in any case previously subject to a final decision must be made within 90 days of that decision unless "[a]greed upon by all parties jointly filed." 8 C.F.R. § 1003.2(c)(2), (c)(3)(iii). USCIS refused to join the motion, concluding that Mohamed was not "statutorily eligible to apply for adjustment of status under § 245 of the Immigration and

_____

[1]The Honorable James M. Rosenbaum, Chief Judge, United States District Court for the District of Minnesota.

-2-

Nationality Act." Mohamed then filed her motion to reopen which the BIA denied as untimely. This action followed.

The district court granted defendants' motion to dismiss for lack of subject matter jurisdiction, holding that the government was entitled to sovereign immunity except in cases where Congress had consented to suit. The district court determined that none of Mohamed's claimed grounds for subject matter jurisdiction were valid waivers of sovereign immunity, and thus the district court lacked jurisdiction to hear her claim.

We are obligated to conduct de novo review of dismissals granted under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. See Hastings v. Wilson, 516 F.3d 1055, 1058 (8th Cir. 2008) (standard of review). We reject Mohamed's argument that various federal laws establish jurisdiction over her claim. We agree with the district court that, because the decision of whether to join in the motion to reopen is discretionary, the Administrative Procedures Act (APA), 5 U.S.C. § 701, et seq., does not vest federal courts with jurisdiction to hear Mohamed's claim. See 8 C.F.R. § 1003.2(c)(3)(iii) (90-day time limitation does not apply to motions to reopen if agreed upon by all parties and jointly filed); Tamenut v. Mukasey, No. 05-4418, 2008 WL 637617, at *3-5 (8th Cir. March 11, 2008) (en banc) (per curiam) (where BIA retained discretion on whether to reopen proceedings on its own motion, APA did not vest courts with jurisdiction to hear appeal of that decision). Further, the immigration statutes do not confer jurisdiction in this case, and Mohamed's attempts to find jurisdiction under federal question jurisdiction, the Declaratory Judgment Act, the Equal Access to Justice Act, and the Mandamus Act, are likewise unavailing.

Accordingly, we affirm the district court's dismissal of Mohamed's action.
_____