# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-2649

_____

Babatunde O. Shoyombo

*Petitioner*

v.

Loretta E. Lynch, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: June 12, 2015
Filed: August 28, 2015

_____

Before LOKEN, BYE, and KELLY, Circuit Judges.

_____

LOKEN, Circuit Judge.

Babatunde Shoyombo, a native of Nigeria, entered the United States illegally in July 1993 and fraudulently filed two asylum applications in different names in 1993 and 1995. The second application, in his own name, was denied and he was ordered deported in absentia in November 1995. Shoyombo remained in the United States and married a United States citizen. His second motion to reopen, filed while he applied for adjustment of status, was granted in February 2002. However, after the

Department of Homeland Security ("DHS") discovered Shoyombo had previously filed a second asylum application, the proceedings were reopened on the Immigration Court's own motion. After a hearing, the immigration judge denied adjustment of status but granted Shoyombo's request for voluntary departure. DHS appealed the latter ruling. The BIA affirmed in a January 19, 2010, order that gave Shoyombo sixty days to leave the United States. He did not depart, instead marrying a second United States citizen on February 1, 2010. His attorney filed a new I-130 Visa Petition on March 12, 2010, but failed to file a third motion to reopen the removal proceedings and apply for adjustment of status.

Immigration and Customs Enforcement arrested Shoyombo in March 2012. He hired a new attorney and filed a grievance against his former attorney. In December 2013, a new I-130 application was approved. In March 2014, Shoyombo filed a third motion to reopen his removal proceedings to request adjustment of status based on the approved I-130 Visa Petition, admitting the motion was untimely but asserting that the delay was due to the previous attorney abandoning his case. He now petitions for review of the Board of Immigration Appeals ("BIA") decision denying the third motion to reopen. We dismiss the petition for review.

The Immigration and Nationality Act provides that an alien "may file one motion to reopen [removal] proceedings" which "shall be filed within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(A) & (C)(i); see 8 C.F.R. § 1003.2(c)(1) & (2). We have jurisdiction to review a BIA order denying a motion to reopen filed under § 1003.2(c) of the regulations. Tamenut v. Mukasey, 521 F.3d 1000, 1003 (8th Cir. 2008) (en banc).

The Attorney General's regulations also provide that the BIA "may at any time reopen or reconsider on its own motion any case in which it has rendered a decision." 8 C.F.R. § 1003.2(a). Because the decision to reopen *sua sponte* under § 1003.2(a) is explicitly left to the BIA's discretion, with "no meaningful standard" against which

to judge the exercise of that discretion, we -- like ten of our sister circuits -- have held that we lack jurisdiction to review the denial of a motion asking the BIA to exercise its § 1003.2(a) discretion and reopen a removal proceeding *sua sponte*. Tamenut, 521 F.3d at 1004-05. Thus, our jurisdiction to review the denial of Shoyombo's motion to reopen turns on whether the BIA denied a statutory motion to reopen under 8 U.S.C. § 1229a(c)(7), or a motion asking the agency to exercise its 8 C.F.R. § 1003.2(a) *sua sponte* discretion. See Mata v. Lynch, 135 S. Ct. 2150, 2154-55 (2015); Ortega-Marroquin v. Holder, 640 F.3d 814, 819-20 (8th Cir. 2011).

Shoyombo's March 2014 Motion to Reopen acknowledged that it was not a statutory motion filed under 8 U.S.C. § 1229a(c)(7) because "Mr. Shoyombo has already filed a Motion to Reopen previously." Accordingly, the Motion requested "that the [BIA] reopen his proceedings on their own motion." Shoyombo argued that his present predicament was the result of a former attorney's ineffective assistance. Expressly stating that Shoyombo was requesting "reopening sua sponte" under 8 C.F.R. § 1003.2(a), the BIA denied the motion because "[t]he record as a whole, which includes evidence of extensive fraud on the part of the respondent, does not demonstrate an exceptional situation that warrants reopening sua sponte."

In his petition for review to this court, Shoyombo argues the BIA improperly failed to treat his motion as one based on ineffective assistance of counsel[1] and failed to render a reasoned decision. However, because Shoyombo based his motion to reopen, and the BIA based its decision, exclusively on the agency's *sua sponte*

---

[1]The BIA correctly noted that Shoyombo did not base his motion on Matter of Lozada, 19 I&N Dec. 637 (BIA), aff'd, 857 F.2d 10 (1st Cir. 1988), in which the BIA adopted standards for claims of ineffective assistance of counsel in immigration proceedings. Nor did Shoyombo seek equitable tolling from a time-barred statutory motion to reopen based on the ineffective assistance of his former attorney. A claim of equitable tolling was rejected on the merits by the BIA in Mata, which was the basis for the Supreme Court's jurisdictional ruling. 135 S. Ct. at 2153-55.

authority under 8 C.F.R. § 1003.2(a), we lack jurisdiction to review that decision. Accordingly, we dismiss the petition for review.  <u>See</u> <u>Tamenut</u>, 521 F.3d at 1004-05.

_____