# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2252

_____

At Xayasounethone, also known as At Chandee

*Petitioner*

v.

William P. Barr, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: April 15, 2019
Filed: July 5, 2019
[Unpublished]

_____

Before SMITH, Chief Judge, ARNOLD and KELLY, Circuit Judges.

_____

PER CURIAM.

After Laotian citizen At Xayasounethone entered the United States in 1980 as a refugee, he was convicted in 1993 of two counts of second-degree assault in Minnesota. *See* Minn. Stat. § 609.222. As a result of these convictions, an immigration judge ordered that he be deported to Laos—a determination that the

Board of Immigration Appeals and our court upheld. *See Xayasounethone v. I.N.S.*, 94 F.3d 649 (8th Cir. 1996) (unpublished per curiam).

In the some twenty years since that time, Xayasounethone, who now goes by At Chandee, has not been deported because Laos has been unwilling to accept deportees like Chandee who are ordered to return there. Chandee has therefore remained in the United States under the supervision of Immigrations and Customs Enforcement, and it appears he leads a productive life. He has since married an American citizen who has filed an I-130 petition to help Chandee adjust his status to that of lawful permanent resident. The United States Citizenship and Immigration Services has approved that petition, prompting him to move the BIA to reopen his deportation proceedings.

Subject to some exceptions, aliens must file a motion to reopen their deportation proceedings within ninety days of a final order of removal. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); *see also* 8 C.F.R. § 1003.2(c)(2). In his motion, Chandee acknowledged that he "is not within the ordinary 90-day time limit for a motion to reopen" and did not argue that he can demonstrate some exception to the ninety-day rule. Instead, he "request[ed] the Board exercise *sua sponte* powers over this motion," which the BIA may do under 8 C.F.R. § 1003.2(a). The BIA declined, so Chandee petitioned our court to review the BIA's decision, arguing that the BIA did not adequately explain why it had declined to reopen his deportation proceedings sua sponte and that he merits a favorable exercise of discretion.

But since there is no meaningful standard against which to judge the BIA's discretionary decision not to reopen deportation proceedings sua sponte, we lack jurisdiction over Chandee's petition for review. *See Tamenut v. Mukasey*, 521 F.3d 1000, 1001, 1004 (8th Cir. 2008) (en banc) (per curiam). And even though we have jurisdiction to review any colorable constitutional challenges that Chandee might raise, *see id.* at 1005, nowhere in his briefs on appeal does he do so. We therefore

dismiss Chandee's petition to review the BIA's denial of his motion to reopen sua sponte.

Petition dismissed.

_____