# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-2389
_____

Emem Ufot Udoh

*Petitioner*

v.

Monty Wilkinson, Acting Attorney General of the United States[1]

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: February 5, 2021
Filed: February 10, 2021
[Unpublished]
_____

Before LOKEN, COLLOTON, and KOBES, Circuit Judges.
_____

PER CURIAM.

_____

[1]Monty Wilkinson has been appointed to serve as Acting Attorney General of the United States, and is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c).

Emem Ufot Udoh, a native and citizen of Nigeria, petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from the immigration judge's (IJ's) decision denying Udoh's motion to reopen removal proceedings commenced after he was convicted in state court of criminal sexual misconduct involving minors, and to rescind the April 2019 order of removal entered in absentia after Udoh received notice but refused to attend two non-evidentiary hearings. Udoh's convictions have not been overturned despite extensive litigation in both state and federal courts. Therefore, our review is limited to constitutional claims and questions of law. See 8 U.S.C. § 1252(a)(2)(C)-(D); Freeman v. Holder, 596 F.3d 952, 955-57 (8th Cir. 2010) (criminal-alien bar).

Having carefully reviewed the record, we conclude Udoh has not raised a colorable statutory or constitutional claim. His consent was not required for the IJ to conduct the videoconference hearings he refused to attend because the alien's consent is required only for evidentiary hearings on the merits. See 8 U.S.C. § 1229a(b)(2); 8 C.F.R. § 1003.25(c). His challenges to the notice he received are an attack on the IJ's factual findings that we are jurisdictionally barred from reviewing. See Freeman, 596 F.3d at 957, 958 & n.6. His assertion that the BIA violated his right to due process by denying his second motion for extension of time to file an administrative appeal brief is without merit. He was not constitutionally entitled to counsel in the removal proceedings, see Rafiyev v. Mukasey, 536 F.3d 853, 861 (8th Cir. 2008), and absent a colorable constitutional claim, we lack jurisdiction to review the BIA's discretionary refusal to sua sponte reopen the proceedings, see Tamenut v. Mukasey, 521 F.3d 1000, 1004-05 (8th Cir. 2008) (en banc); 8 C.F.R. § 1003.2(a).

Accordingly, we deny the petition for review. We deny as moot the pending *pro se* motion for leave to adduce additional evidence and supplement the record.

_____