# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-3551
_____

Abbas Ater Ali Al Khafaji

*Petitioner*

v.

Pamela Bondi,[1] Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: November 21, 2024
Filed: February 18, 2025
[Unpublished]

_____

Before COLLOTON, Chief Judge, BENTON and KELLY, Circuit Judges.

_____

PER CURIAM.

In 2004, Nebraska convicted Abbas Ater Ali Al Khafaji of the crime of possession of a controlled substance with intent to deliver, in violation of Neb. Rev. Stat. § 28-416(1)(a). Then, an immigration judge ordered his removal, finding a

_____

[1]Attorney General Pamela Bondi is automatically substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c)(2).

conviction of the "aggravated felony" of "illicit trafficking in a controlled substance." 8 U.S.C. § 1101(a)(43)(B). In 2023, Khafaji moved to reopen his case, asserting a fundamental change in law. An immigration judge denied his motion. The Board of Immigration Appeals affirmed. Khafaji petitions this court for review. Having jurisdiction under 8 U.S.C. § 1252(a)(1), (b), we deny the petition for review.

The BIA may sua sponte reopen "any case in which it has rendered a decision." 8 C.F.R. § 1003.2(a). Parties may move to reopen proceedings based on "material" evidence that "was not available and could not have been discovered or presented at the former hearing." § 1003.2(c)(1). A motion to reopen must be filed no later than 90 days after the final administrative decision. § 1003.2(c)(2).

This court may review the BIA's decision not to sua sponte reopen a case only if petitioner raises a "'colorable' constitutional claim." *Chong Toua Vue v. Barr*, 953 F.3d 1054, 1057 (8th Cir. 2020) (citing *Tamenut v. Mukasey*, 521 F.3d 1000, 1003–05 (8th Cir. 2008) (en banc)). Khafaji argues that the BIA violated his "due process" rights, a constitutional claim. But he does not explain how his due process rights were violated. *See Sharif v. Barr*, 965 F.3d 612, 625 n.4 (8th Cir. 2020) (refusing to address petitioner's due process argument because petitioner offered "no explanation as to how the BIA's failure to reopen proceedings on its own motion violated his due process rights"). Khafaji "points to nothing that calls into doubt the fundamental fairness of the procedures employed" by the BIA. *Tamenut*, 521 F.3d at 1005. Instead, he proceeds directly to arguing an abuse of discretion. "[C]loaking an abuse of discretion argument in constitutional garb" does not raise a colorable constitutional claim. *Id.* This court lacks jurisdiction to review the BIA's decision not to sua sponte reopen Khafaji's case.

Khafaji argues that equitable tolling should allow his motion to reopen proceedings. He believes that two recent cases from this court, taken together, are a "fundamental change in the law," warranting equitable tolling. *In re G–D–*, 22 I. & N. Dec. 1132, 1135 (BIA 1999). This court reviews for abuse of discretion the BIA's

denial of a motion to reopen. *Hernandez-Moran v. Gonzales*, 408 F.3d 496, 499 (8th Cir. 2005) (citing *INS v. Doherty*, 502 U.S. 314, 324 (1992)). "An abuse of discretion occurs if a decision is without rational explanation, departs from established policies, invidiously discriminates against a particular race or group, or where the agency fails to consider all factors presented by the alien or distorts important aspects of the claim." *Id.* Khafaji "bears the burden of making a prima facie showing of entitlement to equitable tolling." *Id.* at 500.

Here, the BIA did not abuse its discretion because the two cases Khafaji cites are not a fundamental change in the law. He asserts that *United States v. Owen*, 51 F.4th 292 (8th Cir. 2022), and *United States v. Myers*, 56 F.4th 595 (8th Cir. 2022), are a fundamental change in the law for determining whether a state drug statute is divisible. But neither case changed the law for determining divisibility. *Owen*, 51 F.4th at 295 (assuming, "without deciding," that a Minnesota statute was divisible, because the outcome of the case was the same either way); *Myers*, 56 F.4th at 598 n.6 (noting that a case from 2021 held that the Missouri statute in question was divisible). *Owen* and *Myers* represent "at most an incremental development in the law, not a departure from established principles." *In re G–D–*, 22 I. & N. Dec. at 1135. Khafaji has not met his burden of showing entitlement to equitable tolling. The BIA did not abuse its discretion.

\* \* \* \* \* \* \*

The petition for review is denied.

_____

-3-