[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-14215
Non-Argument Calendar

_____

Agency No. A099-677-985

MERLIN ARACELY MEJIA-GARCIA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(August 25, 2021)

Before WILSON, JILL PRYOR, and LUCK, Circuit Judges.

PER CURIAM:

Merlin Mejia-Garcia petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing an appeal from the Immigration Judge's (IJ) denial of a motion to sua sponte reopen her May 2007 in absentia removal order. The record shows that Mejia-Garcia filed her motion to reopen twelve years after she was ordered removed—far after the 180-day deadline set forth in INA § 240(b)(5)(C)(i), 8 U.S.C. § 1229a(b)(5)(C)(i). Mejia-Garcia has failed to raise any statutory or regulatory exceptions that would justify reopening the removal order, and we lack jurisdiction to review the BIA's decision not to sua sponte reopen the removal order. Therefore, we deny the petition in part and dismiss the petition in part.

We begin by recounting the relevant facts. Mejia-Garcia is a native and citizen of Honduras. She first entered the United States in April 2006 as a sixteen-year-old unaccompanied minor. Several weeks after her entry into the United States, the Department of Homeland Security (DHS) served Mejia-Garcia with a Notice to Appear, charging her as removable pursuant to INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), for being present in the United States without being admitted or paroled. Mejia-Garcia was ordered removed in absentia in January 2007. After she timely moved to reopen the case, the January 2007 removal order was rescinded. But in May 2007, Mejia-Garcia was again ordered removed in absentia after she failed to appear for a scheduled hearing. In November 2010,

2

Mejia-Garcia moved to reopen the May 2007 removal order. The IJ denied the motion, finding that she failed to appear for the May 2007 hearing despite having had knowledge of its time, date, and place.

In 2013, Mejia-Garcia married a legal permanent resident of the United States. Her husband later filed an I-130 Petition for Alien Relative on her behalf in July 2016. Three years later, on July 10, 2019, Mejia-Garcia and her husband attended an in-person interview for the petition. At that time, Immigration and Customs Enforcement arrested Mejia-Garcia due to the outstanding removal order from May 2007. On the same day, U.S. Citizenship and Immigration Services approved the I-130 petition.

On July 18, 2019, Mejia-Garcia filed a motion with the immigration court seeking sua sponte reopening of the May 2007 order and a stay of removal. She asserted that she failed to appear at the May 2007 hearing because she was unaware of the court date. Mejia-Garcia contended that her removal would cause extreme hardship because she was active in her community and had a strong relationship with her husband. She also argued that her removal should be stayed. Mejia-Garcia's motion included numerous supporting documents, but the evidence did not address her knowledge of the May 2007 hearing. The IJ granted Mejia-Garcia's motion for stay of removal on July 19, 2019. Her motion to sua sponte reopen the May 2007 removal order remained pending.

Shortly after, DHS removed Mejia-Garcia to Honduras despite the IJ's stay of removal.  DHS thereafter agreed to facilitate Mejia-Garcia's return, and, on December 5, 2019, she was paroled into the United States.  Mejia-Garcia then filed supplemental information for the pending motion to reopen.  She stated that "due to [her] parole, she [became] eligible for Adjustment of Status based on her approved Form I-130."

The IJ found that the motion was both time-barred and number-barred, and that no statutory or regulatory exception applied.  Mejia-Garcia's motion was therefore due to be denied unless she established that her case justified sua sponte reopening.  The IJ found that sua sponte reopening was unwarranted for two reasons.  First, although Mejia-Garcia was the beneficiary of an approved I-130 petition, she had not submitted with her motion to reopen a Form I-485, Application to Register Permanent Residence or Adjust Status.[1]  Second, the fact that she was now eligible for a status adjustment was not an exceptional situation, as it was "commonplace . . . to become eligible for relief many years after disregarding an obligation to depart the country."  Therefore, the IJ denied Mejia-Garcia's motion to reopen.

---

[1] When an individual is seeking to procure an immigrant visa as the spouse of a United States citizen, the spouse must first file a Form I-130 to establish his or her relationship with the individual seeking the visa.  *See* 8 U.S.C. § 1154(a)(1)(A)(i).  Then, the individual must file a Form I-485 to apply for permanent residence or adjustment of status.  *See United States v. Russell*, 957 F.3d 1249, 1251 n.2 (11th Cir. 2020).

Mejia-Garcia appealed to the BIA, arguing that the IJ erred because her case presented an exceptional situation. Specifically, she argued that she could obtain relief through her marriage to her husband. She also contended that she should not be faulted for failing to attach the I-485 application to her initial motion to reopen because she did not become eligible for adjustment of status until after submitting the initial motion.

The BIA dismissed Mejia-Garcia's appeal, finding that the IJ correctly denied her motion to sua sponte reopen. It found that Mejia-Garcia had not established that she lacked notice of the May 2007 removal hearing and that her motion was untimely for the purpose of showing exceptional circumstances. Further, it found that Mejia-Garcia's case did not present an exceptional situation because her eligibility for a status adjustment—based on her marriage to a permanent resident—did not arise until years after entry of the removal order. Finally, the BIA denied Mejia-Garcia's motion to remand the case to the IJ. Mejia-Garcia timely petitioned for review.

We review de novo our subject matter jurisdiction. *Martinez v. U.S. Att'y Gen.*, 446 F.3d 1219, 1221 (11th Cir. 2006). We review for abuse of discretion the denial of a statutory motion to reopen. *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009). In doing so, we consider whether the decision was "arbitrary or capricious"; we will reverse if the BIA "misapplies the law in

5

reaching its decision" or fails to follow its own precedents "without providing a reasoned explanation for doing so." *Ferreira v. U.S. Att'y Gen.*, 714 F.3d 1240, 1243 (11th Cir. 2013).

Under the INA, we generally have jurisdiction to review final orders of removal. *See* INA § 242(a)(1), (b)(9), 8 U.S.C. § 1252(a)(1), (b)(9); *Jaggernauth v. U.S. Att'y Gen.*, 432 F.3d 1346, 1350 (11th Cir. 2005) (per curiam). We review only the decision of the BIA, "unless the BIA has expressly adopted the IJ's opinion or reasoning." *Jiang*, 568 F.3d at 1256. "[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." INA § 242(b)(4)(B), 8 U.S.C. § 1252(b)(4)(B).

After the entry of a final order of removal, a petitioner may file a statutory motion to reopen removal proceedings. *Butka v. U.S. Att'y Gen.*, 827 F.3d 1278, 1283 (11th Cir. 2016). In the case of an in absentia removal order, the statutory motion to reopen must be filed (1) "within 180 days after the date of the order of removal" upon a showing that "the failure to appear was because of exceptional circumstances" or (2) at any time upon a showing that the petitioner did not receive notice of the hearing. INA § 240(b)(5)(C)(i)–(ii), 8 U.S.C. § 1229a(b)(5)(C)(i)–(ii). Exceptional circumstances include those that are "beyond the control" of the petitioner, such as "battery or extreme cruelty" to the petitioner, serious illness, or

serious illness or death of a spouse, child, or parent.  INA § 240(e)(1), 8 U.S.C. § 1229a(e)(1).

By regulation, the BIA and the IJ may also reopen removal proceedings or earlier decisions pursuant to their sua sponte authority.  8 C.F.R. §§ 1003.2(a), 1003.23(b).  They have the "discretion to deny a motion to reopen even if the party moving has made out a *prima facie* case for relief."  8 C.F.R. § 1003.2(a); *see also* 8 C.F.R. § 1003.23(b)(3) (same).  Sua sponte reopening is warranted only in exceptional circumstances, but it may occur at any time.  *Butka*, 827 F.3d at 1283.

We lack jurisdiction to review a decision not to sua sponte reopen because the decision is committed to agency discretion, which is so wide and standardless that it is not reviewable.  *Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291, 1293–94 (11th Cir. 2008).  For the same reason, we lack jurisdiction to review legal claims related to the BIA's denial of a motion to sua sponte reopen proceedings.  *Butka*, 827 F.3d at 1285–86.  We have expressly left open the question of whether we may exercise jurisdiction over colorable constitutional claims related to an underlying request for sua sponte reopening.  *Id.* at 1284; *Lenis*, 525 F.3d at 1294 (citing *Tamenut v. Mukasey*, 521 F.3d 1000, 1005 (8th Cir. 2008) (en banc) (per curiam)).

This petition requires us to answer two central questions.  The first is whether the BIA acted within its discretion in denying Mejia-Garcia's motion to reopen pursuant to statutory or regulatory exceptions.  The second question is—

7

assuming we can exercise jurisdiction over colorable constitutional claims related to the BIA's decision not to sua sponte reopen—did Mejia-Garcia assert any such claims?  If so, we would also have to address whether sua sponte reopening was warranted.

Starting with the first question, to the extent that the BIA construed Mejia-Garcia's motion as a statutory motion to reopen and denied her relief on these grounds, it did not abuse its discretion because her motion was untimely, and she did not establish that she lacked notice of the May 2007 hearing at which she was ordered removed in absentia.  Accordingly, we deny the petition in part.[2]

As to the second question, even assuming we would have jurisdiction to review the BIA's denial of Mejia-Garcia's motion to sua sponte reopen if she raised a colorable constitutional claim, she has not done so.  Mejia-Garcia asserts violations of her constitutional right to due process under the Fifth Amendment and her right to equal protection under the Fourteenth Amendment.  However, the denial of her motion to sua sponte reopen cannot support a due process claim because she has no protected liberty or property interest in such relief.  *See*

_____

[2] To the extent that Mejia-Garcia challenges the IJ's additional findings that her motion to reopen was number-barred and that she failed to initially submit her I-485 application with her motion to reopen, those findings are not properly before us because the BIA did not adopt those findings in denying her motion to reopen, and, thus, they are not part of the final agency order under review. Moreover, Mejia-Garcia has abandoned any claim that the BIA erred by denying her motion to remand by not arguing it in her brief. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (per curiam).

*Scheerer v. U.S. Att'y Gen.*, 513 F.3d 1244, 1253 (11th Cir. 2008).  Nor does

Mejia-Garcia indicate specifically how the BIA and IJ violated her equal protection

rights.  Because she has not identified any similarly situated group that was treated

differently from her, her equal protection argument is not colorable. *See Dawson v.*

*Scott*, 50 F.3d 884, 892 (11th Cir. 1995).

Mejia-Garcia's arguments that "denial of [her] request to reopen her case

impedes on her due process rights" and infringes her "absolute right to reopen her

case" are merely abuse-of-discretion arguments dressed in constitutional language.

She disagrees with the BIA's determination not to reopen, but she has not raised a

cognizable constitutional claim.  Therefore, we dismiss the petition for lack of

jurisdiction to the extent Mejia-Garcia challenges the BIA's decision not to sua

sponte reopen the March 2007 order.  *See Butka*, 827 F.3d at 1286.

**PETITION DISMISSED IN PART, DENIED IN PART.**